IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHELDON NAGELBERG, ) | | |
| as father and best friend of BRETT N., ) | | |
| a minor, ) | | |
|     Plaintiffs, ) | | FILED: MAY 28, 2008 |
| ) | No. | 08CV3092   TC |
| v. ) | | JUDGE GETTLEMAN |
| ) | | MAGISTRATE JUDGE MASON |
| COMMUNITY UNIT SCHOOL DISTRICT ) | | |
| No. 303, and ) | | |
| BOARD OF EDUCATION OF DISTRICT 303, ) | | |
|     Defendants. ) | | |

## NOTICE OF REMOVAL

The Defendants, Community Unit School District No. 303 and the Board of Education of Community Unit School District No. 303, Kane County, Illinois, by and through its attorneys, Bennett Rodick and Michelle A. Todd, hereby file this Notice of Removal of this action filed in the Circuit Court of Kane County, Illinois. Pursuant to 28 U.S.C. §1446(a), Defendants state the following in support of Removal:

1. On May 5, 2008, Plaintiffs initiated this civil action by filing a Complaint in the Circuit Court of Kane County. A copy of the Complaint was served upon the Defendants on May 13, 2008 and is attached hereto.

2. The Complaint raises state and federal claims. Specifically, the Complaint alleges that the Defendants violated Brett N.'s due process and equal protection rights pursuant to the United States Constitution by refusing to expunge and further remove documentation regarding a December 20, 2007 fighting incident involving Brett N. and his subsequent disciplinary proceedings.

3. Because Plaintiffs' Complaint involves a federal question, this action falls within the original jurisdiction of the federal courts pursuant to 28 U.S.C. §1331.

WHEREFORE, this action is removable to the Federal Court under 28 U.S.C. §1441(a), and Defendants remove this action to federal court.

          Respectfully submitted,

          COMMUNITY UNIT SCHOOL DISTRICT NO. 303 AND
          BOARD OF EDUCATION
          COMMUNITY UNIT SCHOOL DISTRICT NO. 303

          By: /s/ Michelle A. Todd
              One of the Attorneys for Defendants

Bennett Rodick
Michelle A. Todd
Hodges, Loizzi, Eisenhammer, Rodick & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL 60005
(847) 670-9000
(847) 670-7334 (Facsimile)
brodick@hlerk.com
mtodd@hlerk.com

IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

'08 MR K 334

| | |
|---|---|
| SHELDON NAGELBERG, as father and best friend of BRETT, N., a minor, <br> Plaintiffs, <br><br> v. <br><br> COMMUNITY UNIT SCHOOL DISTRICT No. 303, and <br> BOARD OF EDUCATION OF DISTRICT 303, <br> Defendants. | ) <br> ) <br> ) No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

MICHAEL J. COLWELL

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

SHELDON B. NAGELBERG, as father and best friend of BRETT N., a minor, complains as follows against defendants, COMMUNITY UNIT SCHOOL DISTRICT No. 303 and BOARD OF EDUCATION OF DISTRICT 303:

### I. PARTIES

1. Plaintiff SHELDON NAGELBERG is the biological father of Plaintiff BRETT N., a minor born March 29, 1991. At all time pertinent to the events contained in this Complaint, and at the present time, the Plaintiffs reside in Kane County, Illinois.

2. Defendant BOARD OF EDUCATION OF DISTRICT 303 ("BOARD") is located within Kane County, Illinois, and is a body created and empowered pursuant to the Illinois School Code, 105 ILCS 5/10-1 *et. seq.*, to organize and operate Defendant COMMUNITY UNIT SCHOOL DISTRICT No. 303 ("DISTRICT 303").

3. The Illinois School Code empowers the BOARD to adopt and enforce rules pertaining to the discipline, suspension, and expulsion of students who attend defendant DISTRICT 303 schools.

**NOTICE**
BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE BEFORE THE ABOVE NAMED JUDGE ON 8-26-08, AT 9:30 (A.M.) P.M. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

1

## II. NATURE OF THIS CASE

4. In December, 2007 Plaintiff Brett N., while a student at Defendant District 303's St. Charles East High School, was attacked without provocation by another student. Both Brett N. and the student engaged in a fist fight. Brett N. claims that he acted in self-defense. Defendant School District 303 suspended Brett N. for 5 days premised upon the allegation that he violated defendant Board's policy prohibiting fighting.

5. The defendant Board's written policy prohibiting fighting specifically states that even fighting in self-defense is a violation of the no-fighting rule.

6. Plaintiffs appealed the suspension. A hearing officer appointed by the defendant Board conducted a hearing in which findings of fact were to be made and submitted to the defendant Board. Brett N. and an eye-witness called by Brett N. testified as to the fighting incident. The St. Charles East High School dean of students testified that in making the decision to suspend Brett N., it did not matter whether or not Brett's conduct was in self-defense.

7. Plaintiffs asserted at the hearing that the policy prohibiting fighting violates the due process and equal protection clauses of the federal and Illinois Constitutions, as well as Illinois' civil and criminal jurisprudence recognizing self-defense. Plaintiffs claimed that the policy and the administration of the policy was vague, overbroad and constituted an arbitrary and abuse of discretion because it chilled lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked manner and defends himself/herself.

8. On April 1, 2008 the Board met and voted to uphold Brett N.'s suspension.

## III. UNDERLYING FACTS

9. Defendant Board has created a Policy Manual which contains rules and policies which are to be enforced by defendant District 303. Of pertinence to this Complaint are the following:

> A. "Section 7:190 <u>Fighting</u>: Any action a student takes to inflict physical contact may be considered fighting-including, but not limited to, self-defense." Copy attached as Exhibit A.
>
> B. "Section 7:130 <u>Student Rights and Responsibilities</u>: All students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting....." Copy attached as Exhibit B.

10. On December 20, 2007, while attending St. Charles East High School, Brett N. was, without provocation, approached by another student who advanced at Brett and attempted to hit Brett. Brett, acting in self-defense, hit the other student with his fists. A fist fight ensued. District 303 staff broke up the fight.

11. On December 20, 2007 defendant District 303 suspended Brett N. for five days commencing December 20th. Brett N. was permitted to return to school on January 11, 2008. The suspension was executed.

12. Pursuant to telephonic and written notice of the suspension decision, plaintiff gave timely notice of his intent to appeal the suspension.

13. The Board appointed a hearing officer to conduct the appeal hearing, make findings of fact, and transmit the findings to the defendant Board for decision.

14. On March 4, 2008 the appeal hearing was held. Proceedings were tape-recorded. Counsel for defendants was present. At the hearing the following occurred:

> A. Plaintiff Brett N. testified that the other student approached him with his fists raised and attempted to strike Brett with his fists. Brett testified that he acted in

3

self-defense and began to punch the other student to avoid being battered. Another witness called by plaintiff corroborated Brett's testimony.

  B. The other student did not appear at the hearing and did not testify.

  C. Counsel for the defendants called the St. Charles East High School Dean of Students to testify as to what he observed of the fight. This witness stated that he came upon the fight after it had started, and saw two other school staff members attempting to pull Brett N. and the other student apart.

  D. The witness Dean of Students testified that he participated with other District 303 staff in making the decision to suspend plaintiff for 5 days. The Dean of Students testified that in applying the defendants' "fighting" policy to Brett N.'s conduct, the issue of whether or not Brett N. was acting in self-defense did not matter, and was not a consideration because the policy does not recognize self-defense.

  E. Plaintiffs stated that the suspension was unlawful and that any disciplinary record documenting the suspension should be expunged because Section 7:190 violates the due process and equal protection clauses of the U.S. and Illinois Constitutions, as well as is contrary to Illinois' civil and criminal jurisprudence which upholds the rights of persons to self-defense. Plaintiffs also claimed that Section 7:190 and its enforcement was vague, overbroad, and constituted an arbitrary and abuse of discretion because it chilled lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked manner and defends himself/herself.

F. Plaintiff Sheldon Nagelberg requested an opportunity to address the defendant Board when they would meet to deliberate on whether to uphold Brett N.'s suspension. This request was denied.

15. On March 7, 2008 plaintiff Sheldon Nagelberg prepared and sent a letter to the defendant Board President requesting an opportunity to address the defendant Board because the policy prohibiting fighting is unconstitutional and unlawful, and that such a policy deprives all students, including Brett N., of the right of self-defense. The letter requested that the defendant Board re-examine this policy, and pointed out that other school districts have "no fighting" policies which recognize the right to self-defense as an exception. Copy of letter attached as Exhibit C.

Plaintiff Sheldon Nagelberg did not receive a response to the letter.

16. On April 3, 2008 plaintiff Sheldon Nagelberg received a letter, copy attached as Exhibit D, stating that On April 1, 2008 the defendant Board voted to uphold Brett N.'s suspension, noting that "The Board of Education feels this is the correct decision considering the facts in the case and the district's disciplinary policy."

17. Brett N. plans to go to college. On information and belief, in view of recent incidents of violence on college campuses, many colleges are requesting high school disciplinary records of applicants. Brett N. believes that the disclosure of this suspension will damage and impair his ability to be admitted into college.

## COUNT I- Action For Declaratory Judgment

18. Plaintiffs reallege the allegations contained in paragraphs 1-17.

19. Pursuant to 735 ILCS 5/2-701 the Plaintiffs allege that an actual controversy exists with defendants as to plaintiffs' contention that the above described Rule Section

7:190 violates the due process and equal protection clauses of the U.S. and Illinois Constitutions, and on its face is vague and overbroad, resulting in an enforcement which constitutes an arbitrary abuse of discretion because it chills lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked and defends himself/herself. Plaintiffs assert that this Court is vested with the power to declare the rights and liabilities of the parties and to give any further relief as may be necessary.

WHEREFOR Plaintiffs respectfully request:

A. The Court determine and adjudicate the rights and liabilities of the parties and issue a judgment declaring that the defendants' policy regarding fighting is void;

B. Issue an order upon the defendants to expunge and remove from Brett N.'s records any documentation concerning the fighting incident of December 20, 2007, and any subsequent disciplinary proceedings;

C. Grant any other further relief as this Court deems lawful, equitable, and proper.

D. Grant the plaintiff attorneys fees and costs incurred in this matter.

## COUNT II- Administrative Review

20. Plaintiffs reallege the allegations contained in paragraphs 1-17.

21. Pursuant to the Illinois Administrative Review Act, plaintiffs respectfully request that this Honorable Court review the record in this matter and determine whether or not the defendants' decision to suspend Brett N. was arbitrary, capricious, and unreasonable, and that the defendants' policy regarding fighting is unlawful and void.

WHEREFOR Plaintiffs respectfully request:

A. That the Court order the defendants to void the disciplinary suspension of Brett N., and expunge from Brett N.'s records any documentation concerning the fighting incident of December 20, 2007, and any subsequent disciplinary proceedings;

B. Grant any other further relief as this Court deems lawful, equitable, and proper;

C. Grant the plaintiff attorneys fees and costs incurred in this matter.

### COUNT III- Petition For Writ Of Certiorari

22. Plaintiffs reallege the allegations contained in paragraphs 1-17.

23. Plaintiffs respectfully request that this Honorable Court review the record in this case and determine whether or not the defendants decision to suspend Brett N. was arbitrary, capricious, and unreasonable, and that the defendants' policy regarding fighting is unlawful and void.

WHEREFOR Plaintiffs respectfully request:

A. That the Court order the defendants to void the disciplinary suspension of Brett N., and expunge from Brett N.'s records any documentation concerning the fighting incident of December 20, 2007, and any subsequent disciplinary proceedings;

B. Grant any other further relief as this Court deems lawful, equitable, and proper;

C. Grant the plaintiff attorneys fees and costs incurred in this matter.

Respectfully submitted,

SHELDON NAGELBERG
Attorney and One of the Plaintiffs.

Sheldon Nagelberg
Illinois ARDC No. 2012146
116 N. 7th Avenue
St. Charles, Illinois. 60174
312-305-5278

| | |
|---|---|
| **FALSIFYING INFORMATION, FORGERY, MANIPULATION OF ATTENDANCE**<br>Attempting to represent a parent/guardian through phone call or writing or the altering/forging of passes, notes from teachers or parents, or other school/school related documents (ex: Doctor's notes). | For All Occurrences:<br>One or more of the following:<br>• Parent conference<br>• 1-5 day PMA/AMA, SS or suspension<br>• Expulsion warning<br>• Recommendation for expulsion |
| **FIGHTING**<br>Any action a student takes to inflict physical contact may be considered fighting – including, but not limited to, self-defense. | For All Occurrences:<br>One or more of the following:<br>• Parent conference<br>• 1-10 day PMA/AMA or suspension<br>• **Loss of privileges to be determined by administrator.** (Examples include, but are not limited to: loss of parking privileges, loss of full period lunch; loss of unscheduled 1st or 8th period, limited access to passing periods, withholding hall passes, withholding morning or after school bus time, limiting or revoking participation in co-curricular/extra curricular activities, limiting or revoking attendance at dances, athletic events and/or other student gatherings, limiting or revoking participation in field trips; etc.)<br>• Police referral<br>• Expulsion warning<br>• Recommendation for expulsion |
| **FIREWORKS: USE, POSSESSION, OR DISTRIBUTION OF FIREWORKS** | For All Occurrences:<br>One or more of the following:<br>• Parent conference<br>• 1-10 day suspension / PMA/AMA/SS<br>• Police referral<br>• Recommendation for expulsion |
| **FOX VALLEY CAREER CENTER TRANSPORTATION POLICY**<br>Students are expected to ride the bus when one is provided for transportation to and from the Center. If it is necessary for a student to drive to the *Center*, that student must obtain a driving permit from the Fox Valley office, or the specialty teacher involved in the case of auto mechanics. It must be signed by all designated persons before being used. Drivers are expected to follow the bus to and from their home school, unless permission is granted other wise. Passengers are not permitted except for the designated instances when it is necessary. At the discretion of the home school principal or FVC director certain justifiable exceptions may be granted. This policy is in effect for all participating schools where students are normally bused to the Center. | Violations of the transportation policy will result in the following action to the driver/or passenger:<br>1st Occurrence:<br>• 1-5 day suspension<br>2nd Occurrence:<br>• Parent conference with principal<br>• 1-5 day suspension<br>3rd Occurrence:<br>• Student dropped from Fox Valley Class |
| **GAMBLING**<br>Participating in games of chance for the purpose of exchanging money or something of value. | 1st Occurrence:<br>One or more of the following:<br>• Parent notification<br>• Detention<br>• 1-10 day PMA/AMA/SS or suspension<br>Subsequent Occurrences:<br>One or more of the following:<br>• Parent notification<br>• 1-10 day suspension<br>• Police referral |

66

PLAINTIFF'S EXHIBIT
A
ALL-STATE® INTERNATIONAL

191

Community Unit School District 303            7:130

# Students

## Student Rights and Responsibilities

All students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting. These rights include the right to voluntarily engage in individually initiated, non-disruptive prayer that, consistent with the Free Exercise and Establishment Clauses of the U.S. and Illinois Constitutions, is not sponsored, promoted, or endorsed in any manner by the school or any school employee. Students should exercise these rights reasonably and avoid violating the rights of others. Students who violate the rights of others or violate District policies or rules will be subject to disciplinary measures.

| | |
|---|---|
| LEGAL REF.: | 20 U.S.C. §7904.<br>105 ILCS 20/5.<br>23 Ill.Admin.Code §1.210.<br>Tinker v. Des Moines Independent School District, 89 S.Ct. 733 (1969). |
| CROSS REF.: | 7:140 (Search and Seizure), 7:150 (Agency and Police Interviews), 7:160 (Student Appearance), 7:190 (Student Discipline) |
| ADOPTED: | August 28, 2006 |

PLAINTIFF'S EXHIBIT
B
ALL-STATE® INTERNATIONAL

**SHELDON BART NAGELBERG**
ATTORNEY AT LAW

116 NORTH SEVENTH AVENUE
SAINT CHARLES, ILLINOIS 60174

PHONE: 312-427-6060
CELL: 312-305-5278
FACSIMILE: 312-373-9204
E-MAIL: SBNAGELBERGLAW@COMCAST.NET

March 7, 2008

Kathleen T. Hewell
President
C.U.S.D. 303 Board of Education
519 Wing Lane
St. Charles, IL. 60174

Re: Suspension of Brett Nagelberg

Dear President Hewell:

As the father of, and attorney for my son, Brett Nagelberg, a junior St. Charles East student, I am writing this letter to respectfully request the opportunity to address you and the board members at the future date in which you discuss the merits of the five-day suspension which Brett received for violation of the no "fighting" rule. Brett maintains that he acted in self-defense.

On March 4th a suspension appeal hearing was held wherein I did request the opportunity to address the Board, but was denied this request. The hearing officer will be preparing findings of fact which you and the other board members will receive. I will not in this letter comment on the facts of this case so as not to prejudice the integrity of the hearing officer's findings of fact.

However, this case concerns a matter which is bigger than my son's particular circumstances. It involves an issue which is of public interest and concern, namely that the District 303 rule prohibiting "fighting" is unconstitutional and violates Illinois law because the rule prohibits a student fighting when it is in self-defense. The rule defines "fighting" as:

> "Any action a student takes to inflict physical contact may be considered fighting-including, but not limited to, self defense."

In other words, according to the rule it doers not matter whether the student's "fighting" is an act of self defense; he or she is still guilty of violating the rule.

With all due respect, this Board needs to re-examine this rule and correct the inherent injustice. I am not an advocate of fighting, but a student has a right to defend

1

PLAINTIFF'S EXHIBIT C p.1
ALL-STATE® INTERNATIONAL

**SHELDON BART NAGELBERG**
ATTORNEY AT LAW

116 NORTH SEVENTH AVENUE
SAINT CHARLES, ILLINOIS 60174

PHONE: 312-427-6060
CELL: 312-305-5278
FACSIMILE: 312-373-9204
E-MAIL: SBNAGELBERGLAW@COMCAST.NET

themselves if attacked. You should know that the Chicago Board of Education also has a policy which prohibits "fighting", yet it defines "fighting" as:

> "Physical contact between two or more individuals with intent to harm. (It is not an act of misconduct to defend oneself as provided by the law)"

A copy of the Chicago Board of Education definition was presented at the hearing. I am confident that legal counsel who worked in the preparation of the Chicago Board of Education rule regarding fighting were aware of the right of any person to defend themselves if attacked.

You should also note that District 303 policy no. 7:130 expressly states that "all students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting". Yet District 303 punishes its students for fighting if it is in self-defense. These two rules are in conflict with each other.

District 303's definition of fighting should be repealed and rewritten to not punish those students who act in self-defense.

Respectfully,

SHELDON NAGELBERG
Father of, and Attorney of Brett Nagelberg

cc: Bennett Rodick

2

PLAINTIFF'S EXHIBIT C P.2
ALL-STATE® INTERNATIONAL



# Community Unit School District 303

Donald D. Schlomann, Ph.D. • Superintendent of Schools • (630) 513-3030

April 1, 2008

*ORIGINAL SENT CERTIFIED MAIL*
*COPY SENT REGULAR MAIL*

Ms. Gloria Foley             Mr. Sheldon Nagelberg
816 King Henry Lane          116 North Seventh Avenue
St. Charles, IL 60174        St. Charles, IL 60174

Re: Case # S070802
**Appeal of Suspension**

Dear Ms. Foley and Mr. Nagelberg:

On April 1, 2008, the Board of Education reviewed the suspension appeal you filed with regard to your son, Brett. The Board of Education voted to uphold Brett's suspension.

The Board of Education feels this is the correct decision considering the facts in the case and the district's disciplinary policy.

Sincerely,

*Ronald A. Knapik*

Ronald A. Knapik
Area Assistant Superintendent

cc:  Robert Miller, Principal
     Lisa Haymond, Assistant Principal

PLAINTIFF'S EXHIBIT
D
ALL-STATE® INTERNATIONAL

"Empowering and Inspiring ALL Learners"