11

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

BRETT, N., a minor,
By Sheldon Nagelberg, his father and next best friend,
Plaintiff,

v.

COMMUNITY UNIT SCHOOL DISTRICT No. 303,
BOARD OF EDUCATION OF DISTRICT 303,
KATHLEEN T. HEWELL, in her individual capacity,
JAMES GAFFNEY, Jr., in his individual capacity,
SCOTT NOWLING, in his individual capacity,
JAMES CHIMENTI, in his individual capacity,
ROBERT LINDAHL, in his individual capacity,
LORI LINKIMER, in her individual capacity,
KARLA RAY, in her individual capacity,
DONALD SCHLOMANN, in his individual capacity,
RONALD KNAPIK, in his official and individual capacity,
JOHN BAIRD, in his official and individual capacity,
JOHN KNEWITZ, in his official and individual capacity,
LISA HAYMOND, in her official and individual capacity,
SHAWN BURKE, in his official and individual capacity,
Defendants.

No. 08 CV 3092

JUDGE GETTLEMAN
MAGISTRATE JUDGE
MASON

FILED
JUL 24 2008
NB
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**FIRST AMENDED COMPLAINT**

BRETT N., a minor, by Sheldon B. Nagelberg, as father and best friend and attorney of BRETT N., a minor, complains as follows against defendants, (1) COMMUNITY UNIT SCHOOL DISTRICT No. 303, (2) BOARD OF EDUCATION OF DISTRICT 303, (3) in their individual capacities, KATHLEEN T. HEWELL, JAMES GAFFNEY, Jr., SCOTT NOWLING, JAMES CHIMENTI, ROBERT LINDAHL, LORI LINKIMER, KARLA RAY, DONALD SCHLOMANN, and (4) in their official and individual capacities, RONALD KNAPIK, JOHN BAIRD, JOHN KNEWITZ, LISA HAYMOND, and SHAWN BURKE:

## I. PARTIES

1. Plaintiff , BRETT N. is a minor born March 29, 1991. At all time pertinent to the events contained in this Complaint, and at the present time, the Plaintiff resides in Kane County, Illinois.

2. Defendant BOARD OF EDUCATION OF DISTRICT 303 ("BOARD") is located within Kane County, Illinois, and is a body created and empowered pursuant to the Illinois School Code, 105 ILCS 5/10-1 *et. seq.*, to organize and operate Defendant COMMUNITY UNIT SCHOOL DISTRICT No. 303 ("DISTRICT 303").

3. KATHLEEN T. HEWELL is president of the BOARD OF EDUCATION of DISTRICT 303. JAMES GAFFNEY, Jr., is vice president-member, SCOTT NOWLING is secretary-member, and JAMES CHIMENTI, ROBERT LINDAHL, LORI LINKIMER, and KARLA RAY are members of the BOARD OF EDUCATION of DISTRICT 303.

4. DONALD SCHLOMANN is superintendent of schools for DISTRICT 303.

5. JOHN KNEWITZ is Assistant Superintendent for Student Services for DISTRICT 303.

6. RONALD KNAPIK and JOHN BAIRD are Area Assistant Superintendent(s) for DISTRICT 303.

7. LISA HAYMOND is Assistant Principal of St. Charles East High School.

8. SHAWN BURKE is a Dean of Students of St. Charles East High School.

## II. NATURE OF THIS CASE

9. In December, 2007 Plaintiff Brett N., while a student at Defendant District 303's St. Charles East High School, was attacked without provocation by another student. Both Brett N. and the student engaged in a fist fight. Brett N. claims that he acted in self-defense. Defendant School District 303 and Board of Education suspended Brett N. for 5 days premised upon the allegation that he violated defendant Board's policy prohibiting fighting.

10. The defendant Board's written policy prohibiting fighting specifically states that even fighting in self-defense is a violation of the no-fighting rule.

11. Plaintiffs appealed the suspension. A hearing officer appointed by the defendant Board conducted a hearing in which findings of fact were to be made and submitted to the defendant Board. Brett N. and an eye-witness called by Brett N. testified as to the fighting incident. The St. Charles East High School dean of students testified that in making the decision to suspend Brett N., it did not matter whether or not Brett's conduct was in self-defense.

12. Plaintiffs asserted at the hearing that the policy prohibiting fighting violates the due process and equal protection clauses of the federal and Illinois Constitutions, as well as Illinois' civil and criminal jurisprudence recognizing self-defense. Plaintiffs claimed that the policy and the administration of the policy was vague, overbroad and constituted an arbitrary and abuse of discretion because it chilled lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked manner and defends himself/herself.

13. Counsel for Brett N. requested to appear before the Board of Education and plead Brett's case. This request was denied. On April 1, 2008 the Board of Education met and voted to uphold Brett N.'s suspension.

14. This case is not an attempt to advocate or support fighting or violence in school. This case distinguishes between those who engage in consensual mutual combat from those instances when a student faces an unprovoked attack. This case seeks to focus upon an unjust and unlawful "zero tolerance" policy which punishes the student who must act in self-defense to preserve his bodily integrity from injury and harm.

## III. JURISDICTION AND VENUE

15. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, the United States Constitution, 42 U.S.C. 1983, and 28 U.S.C. 2201.

16. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391 because it is within this District where the operative events occurred and within which DISTRICT 303 operates.

## IV. UNDERLYING FACTS

17. The Illinois School Code, 105 ILCS 5/10-1 *et. seq,* empowers the BOARD to adopt and enforce rules pertaining to the discipline, suspension, and expulsion of students who attend DISTRICT 303 schools.

18. Defendant BOARD has created a Policy Manual which contains rules and policies, and Code of Conduct which are to be enforced by defendant District 303. Of pertinence to this Complaint are the following:

A. "Section 7:190 Fighting: Any action a student takes to inflict physical contact may be considered fighting-including, but not limited to, self-defense." Copy attached as Exhibit A.

B. "Section 7:130 Student Rights and Responsibilities: All students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting….." Copy attached as Exhibit B.

19. Defendant DONALD SCHLOMANN is superintendent of schools for DISTRICT 303 and is responsible for the daily operations, administration, and leadership of the DISTRICT guided by the policies created by the BOARD.

20. Defendants JOHN KNEWITZ, RONALD KNAPIK, and JOHN BAIRD are responsible to the BOARD as members of the BOARD's Policy Committee, and are responsible for the enforcement of DISTRICT 303 discipline, the Code of Conduct, and DISTRICT Discipline Policy Appeals.

21. On December 20, 2007, while attending St. Charles East High School, Brett N. was, without provocation, approached by another student who advanced at Brett and attempted to hit Brett. Brett, acting in self-defense in an effort to avoid being battered, hit the other student with his fists. A fist fight ensued. District 303 staff broke up the fight.

22. On December 20, 2007 defendants SHAWN BURKE and LISA HAYMOND met and decided to suspend Brett for 5 days for violating the District 303 policy Section 7:190 commencing December 20th. Brett N. was permitted to return to school on January 11, 2008. The suspension was executed.

23. Pursuant to telephonic and written notice of the suspension decision, plaintiff gave timely notice of his intent to appeal the suspension.

24. The BOARD appointed a hearing officer to conduct the appeal hearing, make findings of fact, and transmit the findings to the defendant BOARD for decision.

25. On March 4, 2008 the appeal hearing was held. Proceedings were tape-recorded. Counsel for defendants was present. At the hearing the following occurred:

A. Plaintiff Brett N. testified that the other student approached him with his fists raised and attempted to strike Brett with his fists. Brett testified that he acted in self-defense and began to punch the other student to avoid being battered. Another witness called by plaintiff corroborated Brett's testimony.

B. The other student did not appear at the hearing and did not testify.

C. Counsel for the defendants called defendant SHAWN BURKE to testify as to what he observed of the fight. BURKE stated that he came upon the fight after it had started, and saw two other school staff members attempting to pull Brett N. and the other student apart.

D. BURKE testified that he participated with other District 303 staff in making the decision to suspend plaintiff for 5 days. BURKE testified that in applying the defendants' "no fighting" policy to Brett N.'s conduct, the issue of whether or not Brett N. was acting in self-defense did not matter, and was not a consideration because the policy does not recognize self-defense.

E. Brett's counsel stated that the suspension was unlawful and that any disciplinary record documenting the suspension should be expunged because Section 7:190 violates the due process and equal protection clauses of the U.S. and Illinois Constitutions, as well as is contrary to Illinois' civil and criminal jurisprudence which upholds the rights of persons to self-defense. Plaintiffs also claimed that Section 7:190 and its enforcement was vague, overbroad, and constituted an arbitrary and abuse of

discretion because it chilled lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked manner and defends himself/herself.

F. Plaintiff, through his counsel, requested an opportunity to address the defendant Board when they would meet to deliberate on whether to uphold Brett N.'s suspension. This request was denied, in violation of 105 ILCS 5/10-6 and 5/10-16 .

26. On March 7, 2008 Brett's counsel prepared and sent a letter to the defendant Board President requesting an opportunity to address the defendant Board because the policy prohibiting fighting is unconstitutional and unlawful, and that such a policy deprives all students, including Brett N., of the right of self-defense. The letter requested that the defendant Board re-examine this policy, and pointed out that other school districts have "no fighting" policies which recognize the right to self-defense as an exception. Copy of letter attached as Exhibit C.

Brett's counsel did not receive a response to the letter. Brett's counsel was not advised as to the date when the BOARD would meet to discuss the appeal of Brett's suspension.

27. On April 3, 2008 plaintiff Sheldon Nagelberg received a letter from defendant RONALD KNAPIK, copy attached as Exhibit D, stating that On April 1, 2008 the defendant Board voted to uphold Brett N.'s suspension, noting that "The Board of Education feels this is the correct decision considering the facts in the case and the district's disciplinary policy." Brett's counsel was not aware that the BOARD had met until he received this letter.

28. Brett N. plans to go to college. On information and belief, in view of recent incidents of violence on college campuses, many colleges are requesting high school

disciplinary records of applicants. Brett N. believes that the disclosure of this suspension will damage and impair his ability to be admitted into college.

**COUNT I- VIOLATION OF 42 U.S.C. 1983**

29. Plaintiff realleges the allegations contained in paragraphs 1-28.

30. The defendants DISTRICT 303, BOARD, and all other defendants named in their individual and official capacities were acting under color of Illinois state law.

31. Brett N. had a constitutional right under the Due Process Clause of the Fourteenth Amendment to his bodily integrity and right to protect himself from bodily injury.

32. This constitutional right to bodily integrity is related to and a part of the constitutional right to defend oneself from harm, as implied within the Second Amendment and protected under the Due Process Clause of the Fourteenth Amendment. See *District of Columbia v. Heller, 554 U.S______(2008), No. 07-290, June 26, 2008.* The *Heller* opinion notes the clearly established English common law and 18th and 19th Century states' constitutions recognizing the "natural right of self preservation" and "defense of one's person or house".

33. Brett N. had a constitutional right under the Equal Protection Clause of the Fourteenth Amendment in that students should have the same right to bodily integrity and self defense as adults and non-students.

34. The defendant BOARD, defendant board members, DISTRICT 303, and the defendant public school officials violated Brett N.'s Fourteenth Amendment right to bodily integrity, natural right of self-preservation, and defense of self by utilizing its policy 7:190 to punish Brett for exercising his constitutional right. The actions of the

individual defendants in punishing Brett was legally unreasonable and flew in the face of a clearly established constitutional and historical societal norm and natural law which recognized the right of all persons to protect their bodies from attack and harm.

35. The defendant BOARD, defendant board members, DISTRICT 303, and the defendant public school officials violated Brett N.'s Fourteenth Amendment's right to Equal Protection by utilizing its policy No. 7:130 statement "All students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting" as unreasonably justifying the deprivation of the right to bodily integrity and self-defense for students who are attacked in an unprovoked manner. By such conduct and unreasonable adherence to this policy, and by disciplining Brett, these defendants turned a blind eye, and violated this clearly established constitutional right of Brett of which a reasonable person would have known.

36. The defendant DISTRICT 303 and the BOARD both had an express policy, long established prior to December, 2007, which, when enforced against Brett N., deprived Brett of his constitutional right to Due Process and Equal Protection under the Fourteenth Amendment.

37. The BOARD's and DISTRICT 303's policy Section 7:190 represented the official policy of these defendants, and it was this policy and its enforcement which inflicted the injury to Brett.

38. The suspension of Brett was a constitutional injury caused by defendant BOARD and defendant BOARD members who had final policymaking authority.

**COUNT II-VIOLATION OF THE ILLINOIS CONSTITUTION**

39. Plaintiffs reallege the allegations contained in paragraphs 1-38.

40. The conduct of all defendants deprived Brett N. of his protected Inherent and Inalienable Rights as enumerated in Article I of the Illinois Constitution.

41. The conduct of all defendants deprived Brett N. of his Substantive Due Process and Equal Protection of the Laws as enumerated in Article II of the Illinois Constitution.

## COUNT III-ACTION FOR DECLARATORY JUDGMENT

42. Plaintiffs reallege the allegations contained in paragraphs 1-41.

43. Pursuant to Rule 57, Federal Rules of Civil Procedure and 28 U.S. C 2201 Brett N. alleges that an actual controversy exists with defendants as to plaintiff's contention that the above described Rule Section 7:190 violates the Fourteenth Amendment's Due Process and Equal Protection clauses of the U.S. and Illinois Constitutions, and on its face is vague and overbroad, resulting in an enforcement which constitutes an arbitrary abuse of discretion because it chills lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked and defends himself/herself. Plaintiff asserts that this Court is vested with the power to declare the rights and liabilities of the parties and to give any further relief as may be necessary.

44. Plaintiff requests that the Court determine and adjudicate the rights and liabilities of the parties and issue a judgment declaring that the defendants' policy regarding fighting is void.

## COUNT IV- ADMINISTRATIVE REVIEW

45. Plaintiffs reallege the allegations contained in paragraphs 1-44.

46. Pursuant to the Illinois Administrative Review Act, plaintiff respectfully

requests that this Honorable Court review the record in this matter and determine whether or not the defendants' decision to suspend Brett N. was arbitrary, capricious, and unreasonable, and that the defendants' policy regarding fighting is unlawful and void.

**COUNT V- PETITION FOR WRIT OF CERTIORARI**

47. Plaintiffs reallege the allegations contained in paragraphs 1-46.

48. Plaintiff respectfully requests that this Honorable Court review the record in this case and determine whether or not the defendants decision to suspend Brett N. was arbitrary, capricious, and unreasonable, and that the defendants' policy regarding fighting is unlawful and void.

WHEREFOR Plaintiff Brett N. respectfully requests the following relief:

A. That the Court order the defendants to void the disciplinary suspension of Brett N., and expunge from Brett N.'s records any documentation concerning the fighting incident of December 20, 2007, and any subsequent disciplinary proceedings;

B. That the Court will issue an order and judgment that the defendants' policy regarding fighting is void;

C. Grant an award of litigation costs and expenses, including reasonable attorney's fees;

D. Grant any other statutory and common law damages to which plaintiff may be Entitled;

E. Grant any other further relief as this Court deems lawful, equitable, and proper.

Respectfully submitted,

SHELDON NAGELBERG
Attorney for Plaintiff.

Sheldon Nagelberg
116 N. 7th Avenue
St. Charles, Illinois. 60174
312-305-5278

| | |
|---|---|
| **FALSIFYING INFORMATION, FORGERY, MANIPULATION OF ATTENDANCE**<br>Attempting to represent a parent/guardian through phone call or writing or the altering/forging of passes, notes from teachers or parents, or other school/school related documents (ex. Doctor's notes). | **For All Occurrences:**<br>**One or more of the following:**<br>• Parent conference<br>• 1-5 day PMA/AMA, SS or suspension<br>• Expulsion warning<br>• Recommendation for expulsion |
| **FIGHTING**<br>Any action a student takes to inflict physical contact may be considered fighting – including, but not limited to, self-defense. | **For All Occurrences:**<br>**One or more of the following:**<br>• Parent conference<br>• 1-10 day PMA/AMA or suspension<br>• **Loss of privileges** to be determined by administrator. (Examples include, but are not limited to: loss of parking privileges, loss of full period lunch, loss of unscheduled 1st or 8th period, limited access to passing periods, withholding hall passes, withholding morning or after school bus time, limiting or revoking participation in co-curricular/extra curricular activities, limiting or revoking attendance at dances, athletic events and/or other student gatherings, limiting or revoking participation in field trips, etc.)<br>• Police referral<br>• Expulsion warning<br>• Recommendation for expulsion |
| **FIREWORKS: USE, POSSESSION, OR DISTRIBUTION OF FIREWORKS** | **For All Occurrences:**<br>**One or more of the following:**<br>• Parent conference<br>• 1-10 day suspension / PMA/AMA/SS<br>• Police referral<br>• Recommendation for expulsion |
| **FOX VALLEY CAREER CENTER TRANSPORTATION POLICY**<br>Students are expected to ride the bus when one is provided for transportation to and from the Center. If it is necessary for a student to drive to the *Center*, that student must obtain a driving permit from the Fox Valley office, or the specialty teacher involved in the case of auto mechanics. It must be signed by all designated persons before being used. Drivers are expected to follow the bus to and from their home school, unless permission is granted other wise. Passengers are not permitted except for the designated instances when it is necessary. At the discretion of the home school principal or FVC director certain justifiable exceptions may be granted. This policy is in effect for all participating schools where students are normally bused to the Center. | **Violations of the transportation policy will result in the following action to the driver/or passenger:**<br>**1st Occurrence:**<br>• 1-5 day suspension<br>**2nd Occurrence:**<br>• Parent conference with principal<br>• 1-5 day suspension<br>**3rd Occurrence:**<br>• Student dropped from Fox Valley Class |
| **GAMBLING**<br>Participating in games of chance for the purpose of exchanging money or something of value. | **1st Occurrence:**<br>**One or more of the following:**<br>• Parent notification<br>• Detention<br>• 1-10 day PMA/AMA/SS or suspension<br>**Subsequent Occurrences:**<br>**One or more of the following:**<br>• Parent notification<br>• 1-10 day suspension<br>• Police referral |



PLAINTIFF'S EXHIBIT A ALL-STATE® INTERNATIONAL

# Students

## Student Rights and Responsibilities

All students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting. These rights include the right to voluntarily engage in individually initiated, non-disruptive prayer that, consistent with the Free Exercise and Establishment Clauses of the U.S. and Illinois Constitutions, is not sponsored, promoted, or endorsed in any manner by the school or any school employee. Students should exercise these rights reasonably and avoid violating the rights of others. Students who violate the rights of others or violate District policies or rules will be subject to disciplinary measures.

LEGAL REF.: 20 U.S.C. §7904.
105 ILCS 20/5.
23 Ill.Admin.Code §1.210.
Tinker v. Des Moines Independent School District, 89 S.Ct. 733 (1969).

CROSS REF.: 7:140 (Search and Seizure), 7:150 (Agency and Police Interviews), 7:160 (Student Appearance), 7:190 (Student Discipline)

ADOPTED: August 28, 2006

PLAINTIFF'S EXHIBIT
B
ALL-STATE INTERNATIONAL

**SHELDON BART NAGELBERG**
ATTORNEY AT LAW

116 NORTH SEVENTH AVENUE
SAINT CHARLES, ILLINOIS 60174

PHONE: 312-427-6060
CELL: 312-305-5278
FACSIMILE: 312-373-9204
E-MAIL: SBNAGELBERGLAW@COMCAST.NET

March 7, 2008

Kathleen T. Hewell
President
C.U.S.D. 303 Board of Education
519 Wing Lane
St. Charles, IL. 60174

Re: Suspension of Brett Nagelberg

Dear President Hewell:

As the father of, and attorney for my son, Brett Nagelberg, a junior St. Charles East student, I am writing this letter to respectfully request the opportunity to address you and the board members at the future date in which you discuss the merits of the five-day suspension which Brett received for violation of the no "fighting" rule. Brett maintains that he acted in self-defense.

On March 4th a suspension appeal hearing was held wherein I did request the opportunity to address the Board, but was denied this request. The hearing officer will be preparing findings of fact which you and the other board members will receive. I will not in this letter comment on the facts of this case so as not to prejudice the integrity of the hearing officer's findings of fact.

However, this case concerns a matter which is bigger than my son's particular circumstances. It involves an issue which is of public interest and concern, namely that the District 303 rule prohibiting "fighting" is unconstitutional and violates Illinois law because the rule prohibits a student fighting when it is in self-defense. The rule defines "fighting" as:

> "Any action a student takes to inflict physical contact may be considered fighting-including, but not limited to, self defense."

In other words, according to the rule it doers not matter whether the student's "fighting" is an act of self defense; he or she is still guilty of violating the rule.

With all due respect, this Board needs to re-examine this rule and correct the inherent injustice. I am not an advocate of fighting, but a student has a right to defend





**SHELDON BART NAGELBERG**
ATTORNEY AT LAW

116 NORTH SEVENTH AVENUE
SAINT CHARLES, ILLINOIS 60174

PHONE: 312-427-6060
CELL: 312-305-5278
FACSIMILE: 312-373-9204
E-MAIL: SBNAGELBERGLAW@COMCAST.NET

themselves if attacked. You should know that the Chicago Board of Education also has a policy which prohibits "fighting", yet it defines "fighting" as:

> "Physical contact between two or more individuals with intent to harm. (It is not an act of misconduct to defend oneself as provided by the law)"

A copy of the Chicago Board of Education definition was presented at the hearing. I am confident that legal counsel who worked in the preparation of the Chicago Board of Education rule regarding fighting were aware of the right of any person to defend themselves if attacked.

You should also note that District 303 policy no. 7:130 expressly states that "all students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting". Yet District 303 punishes its students for fighting if it is in self-defense. These two rules are in conflict with each other.

District 303's definition of fighting should be repealed and rewritten to not punish those students who act in self-defense.

Respectfully,

SHELDON NAGELBERG
Father of, and Attorney of Brett Nagelberg

cc: Bennett Rodick



PLAINTIFF'S EXHIBIT C P.2
ALL-STATE® INTERNATIONAL



# Community Unit School District 303

Donald D. Schlomann, Ph.D. • Superintendent of Schools • (630) 513-3030

April 1, 2008

*ORIGINAL SENT CERTIFIED MAIL*
*COPY SENT REGULAR MAIL*

Ms. Gloria Foley
816 King Henry Lane
St. Charles, IL 60174

Mr. Sheldon Nagelberg
116 North Seventh Avenue
St. Charles, IL 60174

Re: Case # S070802
**Appeal of Suspension**

Dear Ms. Foley and Mr. Nagelberg:

On April 1, 2008, the Board of Education reviewed the suspension appeal you filed with regard to your son, Brett. The Board of Education voted to uphold Brett's suspension.

The Board of Education feels this is the correct decision considering the facts in the case and the district's disciplinary policy.

Sincerely,

Ronald A. Knapik

Ronald A. Knapik
Area Assistant Superintendent

cc: Robert Miller, Principal
Lisa Haymond, Assistant Principal

PLAINTIFF'S EXHIBIT D
ALL-STATE® INTERNATIONAL

"Empowering and Inspiring ALL Learners"

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

BRETT, N., a minor,
by Sheldon Nagelberg, his father and next best friend
Plaintiff,

v.

COMMUNITY UNIT SCHOOL DISTRICT No. 303,
Et al.,
Defendants.

) No. 08 CV 3092
) JUDGE GETTLEMAN
) MAGISTRATE JUDGE
) MASON

FILED
JUL 2 4 2008 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOTICE OF FILING**

To: Service List:
Jane M. May
O'Halloran, Kosoff, Geitner, & Cook, LLC.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062

Bennett Rodick, Esq.
Hodges, Loizzi, Eisenhammer, Rodick, & Kohn
3030 Salt Creek Lane, Suite 202
Arlington Heights, IL. 60005

Please take note that on July 24, 2008, I filed with the Clerk of the U.S. District Court the following pleading, a copy of which is attached:
**FIRST AMENDED COMPLAINT.**

SHELDON NAGELBERG
Attorney for Plaintiff

Certificate of Mailing

I, Sheldon Nagelberg, an attorney, certify that on July 24, 2008 I mailed via U.S. Postal Service, postage prepaid, to Jane M. May and Bennett Rodick, Esq., a copy of this Notice of Filing and attached pleading.

Sheldon Nagelberg

Sheldon Nagelberg
116 N. 7th Avenue
St. Charles, Illinois. 60174
312-305-5278