**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHELDON B. NAGELBERG, as father and | ) | |
| best friend of BRETT N., a minor, | ) | |
| | ) | |
| Plaintiff | ) | Case No.: 08-cv-03092 |
| v. | ) | |
| | ) | The Honorable Robert W. Gettleman |
| COMMUNITY UNIT SCHOOL DISTRICT | ) | |
| NO. 303 and BOARD OF EDUC. OF | ) | |
| DISTRICT 303, et. al. | ) | |
| Defendants. | ) | |

**DEFENDANT BOARD OF EDUCATION OF DISTRICT NO. 303's
ANSWER TO COUNT V OF FIRST AMENDED COMPLAINT**

NOW COMES the defendant, Board of Education of District 303, by and through its

attorneys, Clifford Kosoff, Jane May, and Joshua Abern, and for its answer to Count V of the

First Amended Complaint, states as follows:

## I. PARTIES

1.     Plaintiff, BRETT N. is a minor born March 29, 1991.  At all time pertinent to the

events contained in this Complaint, and at the present time, the Plaintiff resides in Kane County,

Illinois.

**ANSWER:**     The defendant admits the allegations contained in paragraph 1.

2.     Defendant BOARD OF EDUCATION OF DISTRICT 303 ("BOARD") is located

within Kane County, Illinois, and is a body created and empowered pursuant to the Illinois

School Code, 105 ILCS 5/10-1 *et. seq*., to organize and operate Defendant COMMUNITY

UNIT SCHOOL DISTRICT No. 303 ("DISTRICT 303").

**ANSWER:**     The defendant admits the allegations contained in paragraph 2.

3.      KATHLEEN T. NEWELL is president of the BOARD OF EDUCATION of DISTRICT 303. JAMES GAFFNEY, Jr., is vice president-member, SCOTT NOWLING is secretary-member, and JAMES CHIMENTI, ROBERT LINDAHL, LORI LINKIMER, and KARLA RAY are members of the BOARD OF EDUCATION of DISTRICT 303.

**ANSWER:**    The defendant admits the allegations contained in paragraph 3.

4.      DONALD SCHLOMANN is superintendent of schools for DISTRICT 303.

**ANSWER:**    The defendant admits the allegations contained in paragraph 4.

5.      JOHN KNEWITZ is Assistant Superintendent for Student Services for DISTRICT 303.

**ANSWER:**    The defendant admits the allegations contained in paragraph 5.

6.      RONALD KNAPIK and JOHN BAIRD are Area Assistant Superintendent(s) for DISTRICT 303.

**ANSWER:**    The defendant admits the allegations contained in paragraph 6.

7.      LISA HAYMOND is Assistant Principal of St. Charles East High School.

**ANSWER:**    The defendant admits the allegations contained in paragraph 7.

8.      SHAWN BURKE is a Dean of Students of St. Charles East High School.

**ANSWER:**    The defendant admits the allegations contained in paragraph 8.

## II.  NATURE OF THIS CASE

9.      In December, 2007 Plaintiff Brett N., while a student at Defendant District 303's St. Charles East High School, was attacked without provocation by another student. Both Brett N. and the student engaged in a fist fight.  Brett N. claims that he acted in self-defense. Defendant School District 303 and Board of Education suspended Brett N. for 5 days premised upon the allegation that he violated defendant Board's policy prohibiting fighting.

**ANSWER:**    The defendant admits that in December of 2007, Brett N., while a student at Defendant District 303's St. Charles East High School engaged in a fist fight with another student.  The defendant further admits that Brett N. claimed that he acted in self-defense.  The defendant admits that the Board of Education affirmed plaintiff's suspension for 5 days which was premised upon the allegation that Brett N. violated defendant Board's policy prohibiting fighting.  The defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9.

10.    The defendant Board's written policy prohibiting fighting specifically states that even fighting in self-defense is a violation of the no-fighting rule.

**ANSWER:**    The defendant admits that at the time of the occurrence, policy 7:190 read as follows: "any action a student takes to inflict physical contact may be considered fighting—including but not limited to self-defense."  To the extent that the allegations in paragraph 10 do not accurately reflect the words of the policy, said allegations are specifically denied.

11.    Plaintiffs appealed the suspension. A hearing officer appointed by the defendant Board conducted a hearing in which findings of fact were to be made and submitted to the defendant Board. Brett N. and an eye-witness called by Brett N. testified as to the fighting incident. The St. Charles East High School dean of students testified that in making the decision to suspend Brett N., it did not matter whether or not Brett's conduct was in self-defense.

**ANSWER:**    The defendant admits that plaintiffs appealed the suspension.  The defendant admits that a hearing officer appointed by the defendant Board conducted a hearing in which findings of fact were to be made and submitted to the defendant Board.  The defendant admits that Brett N. and an eye-witness called by Brett N. testified as to the fighting incident.  The remaining allegations are denied.

12.     Plaintiffs asserted at the hearing that the policy prohibiting fighting violates the due process and equal protection clauses of the federal and Illinois Constitutions, as well as Illinois' civil and criminal jurisprudence recognizing self-defense. Plaintiffs claimed that the policy and the administration of the policy was vague, overbroad and constituted an arbitrary and abuse of discretion because it chilled lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked manner and defends himself/herself.

**ANSWER:**     The defendant admits that plaintiffs asserted at the hearing that the policy prohibiting fighting violates the due process and equal protection clauses of the federal and Illinois Constitutions, as well as Illinois' civil and criminal jurisprudence recognizing self-defense.  The defendant further admits that plaintiffs claimed that the policy and the administration of the policy was vague and overbroad.  The defendant further admits that plaintiff claimed that the policy refused to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked manner and defends himself/herself.  The remaining allegations of paragraph 12 are denied.

13.     Counsel for Brett N. requested to appear before the Board of Education and plead Brett's case. This request was denied. On April 1, 2008 the Board of Education met and voted to uphold Brett N.'s suspension.

**ANSWER:**     The defendant admits that Counsel for Brett N. requested to appear before the Board of Education and plead Brett's case, and that this request was denied.  The defendant admits that on April 1, 2008 the Board of Education met and voted to uphold Brett N.'s suspension.

14.     This case is not an attempt to advocate or support fighting or violence in school. This case distinguishes between those who engage in consensual mutual combat from those instances when a student faces an unprovoked attack. This case seeks to focus upon an unjust and unlawful "zero tolerance" policy which punishes the student who must act in self-defense to preserve his bodily integrity from injury and harm.

**ANSWER:**     The allegations in paragraph 14 are denied.

### III.  JURISDICTION AND VENUE

15.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, the United States Constitution, 42 U.S.C. 1983, and 28 U.S.C. 2201.

**ANSWER:**     The defendant admits the jurisdiction of the court.

16.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391 because it is within this District where the operative events occurred and within which DISTRICT 303 operates.

**ANSWER:**     The defendant admits that venue is proper in the Northern District of Illinois.

### IV.  UNDERLYING FACTS

17.     The Illinois School Code, 105 ILCS 51101 *et. seq*, empowers the BOARD to adopt and enforce rules pertaining to the discipline, suspension, and expulsion of students who attend DISTRICT 303 schools.

**ANSWER:**     The defendant admits the allegations in paragraph 17.

18.     Defendant BOARD has created a Policy Manual which contains rules and policies, and Code of Conduct which are to be enforced by defendant District 303. Of pertinence to this Complaint are the following:

A. "Section 7:190 <u>Fighting:</u> Any action a student takes to inflict physical contact may be considered fighting-including, but not limited to, self-defense." Copy attached as Exhibit A.

B. "Section 7:130 <u>Student Rights and Responsibilities:</u> All students are entitled to enjoy the rights protected by the U.S. and Illinois Constitutions and laws for persons of their age and maturity in a school setting. " Copy attached as Exhibit B.

**ANSWER:**    The defendant admits that the Board has created a policy manual which contains rules and policies, and Code of Conduct which are to be enforced by defendant District 303. The defendant further admits that the quoted policies were contained in the manual at the time of the occurrence.

19.    Defendant DONALD SCHLOMANN is superintendent of schools for DISTRICT 303 and is responsible for the daily operations, administration, and leadership of the DISTRICT guided by the policies created by the BOARD.

**ANSWER:**    The defendant admits the allegations contained in paragraph 19.

20.    Defendants JOHN KNEW ITZ, RONALD KNAPIK, and JOHN BAIRD are responsible to the BOARD as members of the BOARD's Policy Committee, and are responsible for the enforcement of DISTRICT 303 discipline, the Code of Conduct, and DISTRICT Discipline Policy Appeals.

**ANSWER:**    The defendant admits that Ronald Knapik is responsible to the Board as a member of the Board's Policy Committee and that Ronald Knapik and John Baird supervise principals with respect to the enforcement of District 303 discipline and the Code of Conduct. The defendant further admits that Ronald Knapik is responsible for coordinating the discipline appeals process. The remaining allegations of paragraph 20 are denied.

21.     On December 20, 2007, while attending St. Charles East High School, Brett N. was, without provocation, approached by another student who advanced at Brett and attempted to hit Brett. Brett, acting in self-defense in an effort to avoid being battered, hit the other student with his fists. A fist fight ensued. District 303 staff broke up the fight.

**ANSWER:**     The defendant admits that a fist fight ensued on December 20, 2007 between Brett N. and another student at St. Charles High School, and that District 303 staff broke up the fight. The defendant admits that Brett hit the other student with his fists.  The defendant denies that Brett was acting, at all times in self defense to avoid being battered.  The defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22.     On December 20, 2007 defendants SHAWN BURKE and LISA HAYMOND met and decided to suspend Brett for 5 days for violating the District 303 policy Section 7:190 commencing December 20th.  Brett N. was permitted to return to school on January 11, 2008. The suspension was executed.

**ANSWER:**     The defendant admits the allegations contained in paragraph 22.

23.     Pursuant to telephonic and written notice of the suspension decision, plaintiff gave timely notice of his intent to appeal the suspension.

**ANSWER:**     The defendant admits the allegations contained in paragraph 23.

24.     The BOARD appointed a hearing officer to conduct the appeal hearing, make findings of fact, and transmit the findings to the defendant BOARD for decision.

**ANSWER:**     The defendant admits the allegations contained in paragraph 24.

25.     March 4, 2008 the appeal hearing was held. Proceedings were tape recorded. Counsel for defendants was present. At the hearing the following occurred:

A.  Plaintiff Brett N. testified that the other student approached him with his fists raised and attempted to strike Brett with his fists. Brett testified that he acted in self-defense and began to punch the other student to avoid being battered. Another witness called by plaintiff corroborated Brett's testimony.

B.  The other student did not appear at the hearing and did not testify.

C.  Counsel for the defendants called defendant SHAWN BURKE to testify as to what he observed of the fight. BURKE stated that he came upon the fight after it had started, and saw two other school staff members attempting to pull Brett N. and the other student apart.

D.  BURKE testified that he participated with other District 303 staff in making the decision to suspend plaintiff for 5 days. BURKE testified that in applying the defendants' "no fighting" policy to Brett N.'s conduct, the issue of whether or not Brett N. was acting in self-defense did not matter, and was not a consideration because the policy does not recognize self-defense.

E.  Brett's counsel stated that the suspension was unlawful and that any disciplinary record documenting the suspension should be expunged because Section 7:190 violates the due process and equal protection clauses of the U.S. and Illinois Constitutions, as well as is contrary to Illinois' civil and criminal jurisprudence which upholds the rights of persons to self-defense. Plaintiffs also claimed that Section 7:190 and its enforcement was vague, overbroad, and constituted an arbitrary and abuse of discretion because it chilled lawful behavior and refuses to distinguish between students who engage in mutual consensual combat from the student who is attacked in an unprovoked manner and defends himself/herself.

F.  Plaintiff, through his counsel, requested an opportunity to address the defendant Board when they would meet to deliberate on whether to uphold Brett N.'s suspension. This request was denied, in violation of 105 ILCS 5/10-6 and 5/10-16.

**ANSWER:**    The defendant admits that on March 4, 2008 the appeal hearing was held.  The defendant admits that the proceedings were tape-recorded.  The defendant admits that counsel for defendants was present.

A.    The defendant admits that Brett N. testified that the other student approached him with his fists raised and attempted to strike Brett with his fists, and that Brett testified that he acted in self-defense and began to punch the other student to avoid being battered.  The defendant admits that another witness called by plaintiff corroborated some of plaintiff's testimony, but denies that the witness corroborated all of plaintiff's testimony.

B.    The defendant admits the allegations contained in paragraph 25.B.

C.    The defendant admits that it called defendant, Shawn Burke to testify as to what he observed of the fight, and that he stated that he came upon the fight after it had started.  It denies the remaining allegations contained in paragraph 25.C.

D.    The defendant admits that Burke testified that he participated with other District 303 staff in making the decision to suspend plaintiff for 5 days.  The remaining allegations in paragraph 25.D. are denied.

E.    The defendant admits that "Brett's counsel stated that the suspension was unlawful and that any disciplinary record documenting the suspension should be expunged because Section 7:190 violates the due process and equal protection clauses of the U.S. and Illinois Constitutions, as well as is contrary to Illinois' civil and criminal jurisprudence which upholds the rights of persons to self defense."  The defendant admits that plaintiffs also claimed

that Section 7:190 and its enforcement was vague and overbroad. The defendant further admits

that plaintiff claimed that the policy refused to distinguish between students who engage in

mutual consensual combat from the student who is attacked in an unprovoked manner and

defends himself/herself. The remaining allegations are denied.

F.    The defendant admits that plaintiff, through his counsel, requested an opportunity

to address the board when they would meet to deliberate on whether to uphold Brett N.'s

suspension.  The defendant admits that the request was denied.  The remaining allegations of

paragraph 25.F. are denied.

26.    On March 7, 2008 Brett's counsel prepared and sent a letter to the defendant

Board President requesting an opportunity to address the defendant Board because the policy

prohibiting fighting is unconstitutional and unlawful, and that such a policy deprives all students,

including Brett N., of the right of self-defense. The letter requested that the defendant Board re-

examine this policy, and pointed out that other school districts have "no fighting" policies which

recognize the right to self-defense as an exception.  Copy of letter attached as Exhibit C.

Brett's counsel did not receive a response to the letter.  Brett's counsel was not advised as to the

date when the BOARD would meet to discuss the appeal of Brett's suspension.

**ANSWER:**    The defendant admits the allegations of paragraph 26, with the following

exceptions:  The defendant denies that Brett's counsel did not receive a response to the March 7,

2008 letter, and further denies that Brett's counsel was not advised as to the date when the Board

would meet to discuss the appeal of Brett's suspension.

27.    On April 3, 2008 plaintiff Sheldon Nagelberg received a letter from defendant

RONALD KNAPIK, copy attached as Exhibit D, stating that On April 1, 2008 the defendant Board

voted to uphold Brett N.'s suspension, noting that "The Board of Education feels this is the

10

correct decision considering the facts in the case and the district's disciplinary policy," Brett's counsel was not aware that the BOARD had met until he received this letter.

**ANSWER:**    The defendant admits the allegations in paragraph 27 with the following exception:  The defendant denies that Brett's counsel was not aware that the Board had met until he received the April 3, 2008 letter.

28.    Brett N. plans to go to college. On information and belief, in view of recent incidents of violence on college campuses, many colleges are requesting high school disciplinary records of applicants. Brett N. believes that the disclosure of this suspension will damage and impair his ability to be admitted into college.

**ANSWER:**    The defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

## COUNT I – VIOLATION OF 42 U.S.C. 1983

The defendant has moved to dismiss Count I, and therefore, no answer is required.

## COUNT II – VIOLATION OF THE ILLINOIS CONSTITUTION

The defendant has moved to dismiss Count II, and therefore, no answer is required.

## COUNT III – ACTION FOR DECLARATORY JUDGMENT

The defendant has moved to dismiss Count III, and therefore, no answer is required.

## COUNT IV – ADMINSTRATIVE REVIEW

The defendant has moved to dismiss Count IV, and therefore, no answer is required.

## COUNT V – PETITION FOR WRIT OF CERTIORARI

47.    Plaintiffs reallege the allegations contained in paragraphs 1-46.

**ANSWER:**    The defendant incorporates its answers to paragraphs 1-28, and its motion to dismiss Counts I through IV, as its response to paragraph 47.

48.    Plaintiff respectfully requests that this Honorable Court review the record in this case and determine whether or not the defendants decision to suspend Brett N. was arbitrary, capricious, and unreasonable, and that the defendants' policy regarding fighting is unlawful and void.

**ANSWER:**    The defendant admits that the plaintiff has requested that the Court review the record in the case.  The defendant denies that its actions were arbitrary, capricious and unreasonable, and further denies that its policy regarding fighting is unlawful and void.

WHEREFORE, the defendant, denies that plaintiff is entitled to any relief whatsoever, and requests that judgment be entered in favor of the defendant and against plaintiff.

Respectfully submitted,

Board of Education of District 303

By:    s/Jane M. May
Jane M. May,  #6207760
O'Halloran Kosoff Geitner & Cook, LLC.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone:  (847) 291-0200
Facsimile:   (847) 291-9230
E-mail:  jmay@okgc.com

**IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SHELDON B. NAGELBERG, as father and )
best friend of BRETT N., a minor,           )
                                                              )
                                    Plaintiff        )        Case No.: 08-cv-03092
v.                                                          )
                                                              )        The Honorable Robert W. Gettleman
COMMUNITY SCHOOL DISTRICT NO.  )
303 and BOARD OF EDUCATION OF     )
DISTRICT 303,                                     )
                                    Defendants.     )

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2008, I electronically filed Defendant Board Of Education Of District No. 303's Answer To First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sheldon B. Nagelberg                            Michelle A. Todd
sbnagelberglaw@comcast.net              mtodd@hlerk.com

Bennet Rodick
brodick@hlerk.com


                                                              Board of Education of District 303

                                          By:      s/Jane M. May_____
                                                      Jane M. May,  #6207760
                                                      O'Halloran Kosoff Geitner & Cook, LLC.
                                                      650 Dundee Road, Suite 475
                                                      Northbrook, IL 60062
                                                      Telephone:  (847) 291-0200
                                                      Facsimile:  (847) 291-9230
                                                      E-mail:  jmay@okgc.com