IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON B. NAGELBERG, as father and best friend of BRETT N., a minor,  )<br>  )<br>Plaintiff  )<br>v.  )<br>  )<br>COMMUNITY UNIT SCHOOL DISTRICT )<br>NO. 303 and BOARD OF EDUC. OF  )<br>DISTRICT 303, et. al.  )<br>Defendants.  ) | Case No.: 08-cv-03092<br><br>The Honorable Robert W. Gettleman |

### MOTION TO DISMISS COUNTS I - IV OF
### FIRST AMENDED COMPLAINT

NOW COME the defendants, Community Unit District No. 303 and Board of Education of District 303, by and through their attorneys, Clifford Kosoff, Jane May and Joshua Abern, and move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Counts I through IV of plaintiff's First Amended Complaint and further to dismiss Community Unit District 303 as a defendant from the action entirely. In support of this motion, defendants state as follows:

### Facts Alleged in First Amended Complaint

1.  The plaintiff (a minor) has brought suit by his father asserting that his Fourteenth Amendment rights to due process and equal protection have been violated by the defendants. (Doc. 18) Plaintiff, a student at St. Charles East High School, was suspended for violating a school district policy which prohibits fighting. The relevant portion of Section 7:190 of the school district's policy reads as follows: "Any action a student takes to inflict physical contact may be considered fighting-including, but not limited to, self-defense."

2.  In Count I of the Amended Complaint, plaintiff asserts that the aforementioned policy, and its enforcement, has violated his constitutional right to bodily integrity under the

equal protection and due process clauses of the Fourteenth Amendment, in that the policy prohibits self-defense as justification for engaging in physical contact.

3. In Count II, plaintiff asserts that the conduct of the defendants violated his protected inherent and inalienable rights as enumerated under Article I of the Illinois Constitution and his substantive due process and equal protection rights under Article II of the Illinois Constitution.

4. In Count III, plaintiff seeks a declaration that policy 7:190 is void.

5. In Count IV, plaintiff asks the court to review the record in this matter pursuant to the Illinois Administrative Review Act.

6. In Count V, plaintiff asks the court to review the record pursuant to the common law right to petition the court for a writ of certiorari, to determine whether the defendants' right to suspend plaintiff was arbitrary, capricious, and unreasonable, and whether the policy is void and unlawful.

7. Counts I through IV of plaintiff's amended complaint should be dismissed. The United States Supreme Court has recently held that unless the allegations of a complaint plausibly suggest a right to relief, dismissal is required. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955 (2007). Following this ruling, the Seventh Circuit has held that the pleadings must demonstrate a right to relief which is above the speculative level. *EEOC v. Concentra Health Services Inc.* 496 F.3d 773, 777 (7th Cir. 2007). Because the claims asserted in Counts I through IV fail to plausibly suggest a right to relief, they should be dismissed.

**Argument**

I.     **Counts I through III should be dismissed because plaintiff does not have standing to attack the constitutionality of the district's policy.**

8.     Plaintiff does not have standing to attack his suspension on constitutional grounds or to attack that portion of policy 7:190 which asserts that one may be found to have engaged in fighting even if acting in self-defense. In order to have standing to claim due process and equal protection violations, plaintiff must assert not only that he *claimed* to have acted in self-defense, but also that the district *found* that he acted in self-defense, but still held that he was in violation of the policy. Such an allegation is absent from the First Amended Complaint.[1]

9.     There are three elements to establish standing: First, the plaintiff must have suffered an "injury in fact." Second, there must be a causal connection between the injury and the complained of conduct. (In other words, the injury has to be traceable to the challenged action of the defendant.) Third it must be likely and not merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136 (1992). The Seventh Circuit has further expounded on the standing requirements by noting that one will not have standing if total victory in the litigation will not get plaintiff the relief he seeks. *Harp Advertising Illinois, Inc. v. Village of Chicago Ridge*, 9 F.3d 1290, 1291 (7th Cir. 1993); See e.g. *Contreras v. Suncast Corp.*, 237 F.3d 756 (7th Cir. 2001)(one does not have standing to challenge employer's disability policy under the ADA if he is not a qualified individual with a disability.

---

[1] Plaintiff asserts in paragraph 11 of the First Amended Complaint that "[t]he St. Charles East High School dean of students testified that in making the decision to suspend Brett N., it did not matter whether or not Brett's conduct was in self-defense," but this allegation is not enough to establish standing to attack the policy on constitutional grounds. Significantly, plaintiff has not pled that he was found to have acted in self-defense, but was still held in violation of the policy.

10.    Plaintiff has not pled (nor could he) that the district found that plaintiff was acting in self-defense when the dean witnessed him engaged in a fight. Thus, the allegations of the First Amended Complaint do not establish with any degree of likelihood that plaintiff's alleged injury will be redressed by total victory in this litigation. To have standing to attack the constitutionality of the policy and his suspension pursuant thereto, plaintiff would have to plead that he was *found* to have been acting in self-defense, but still suspended pursuant to policy 7:190. The allegations of the First Amended Complaint do not contain such allegations, and therefore, plaintiff has not established his standing to sue. Thus, Counts I through IV of the First Amended Complaint should be dismissed.

**II.    Counts I and III should be dismissed because they fail to state a claim for a violation of plaintiff's due process or equal protection rights under the Fourteenth Amendment.**

11.    Counts I and III of the Amended Complaint should be dismissed because plaintiff does not have a constitutional right to engage in fighting in school--even if he claims to have done so in self-defense. The Seventh Circuit has noted that the Supreme Court "'has repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools.'" *Boucher v. School Bd. of School Dist. Of Greenfield*, 134 F.3d 821, 827 (7th Cir. 1998)(quoting *Tinker v. Des Moines Indep. Community School Dist.*, 393 U.S. 503, 507, 21 L.Ed 2d 731, 89 S. Ct. 733 (1969)). A federal court's role in school disciplinary measures is very limited, and it is an area in which courts are reluctant to enter. *Fuller v. Decatur Public School Bd. of Educ.*, 78 F. Supp.2d 812, 821 (C.D. Ill., 2000), aff'd, 251 F.3d 662 (7th Cir. 2001*)*. As noted by the Supreme Court:

> It is not the role of federal courts to set aside decisions of school administrators which the court may view as lacking a basis in wisdom or

4

> compassion. Public high school students do have substantive and procedural rights while at school. [citations omitted] But Section 1983 does not extend the right to relitigate in federal court questions arising in school disciplinary proceedings or the proper construction of school regulations. The system of public education that has evolved in this Nation relies necessarily upon the discretion and judgment of school administrators and school board members, and Section 1983 was not intended to be a vehicle for federal-court corrections of errors in the exercise of discretion which do not rise to the level of violations of specific constitutional guarantees.

*Wood v. Strickland*, 420 U.S. 308, 326, 95 S.Ct. 992, 1003 (1975), overruled on other grounds, *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727 (1982). Moreover, the constitutional rights of students in public schools are not automatically co-extensive with the rights of adults in other settings. *Bethel v. Fraser*, 478 U.S. 675, 682, 106 S. Ct. 3159 (1986).

     **A.**    **Equal Protection Claim**

12. In the case at bar, plaintiff claims that his suspension, and the school policy, which prohibits fighting even in self-defense violates his right to equal protection under the Fourteenth Amendment. An equal protection violation occurs only when different legal standards are arbitrarily applied to similarly situated individuals. *Smith v. Severn*, 129 F.3d 419, 429 (7th Cir. 1997). Absent the existence of either a fundamental right or a suspect class, a court need only apply a rational basis to review the challenged state action. *Id.* State action is presumed valid under the rational basis test. *Id.*

13. Based on the allegations of the First Amended Complaint, plaintiff appears to be asserting that he had a fundamental right to engage in fighting, if he did so in self-defense to preserve his "bodily integrity." Plaintiff has not alleged that he was a member of a suspect class. The Seventh Circuit has previously considered, and rejected an asserted fundamental right to self-defense. *Rowe v. Debruyn*, 17 F.3d 1047, 1051 (7th Cir. 1994). In *Rowe*, plaintiff-prisoner alleged that various prison officials violated his constitutional right to due process by denying

5

him the right to raise self-defense as a complete defense in disciplinary proceedings. *Id.* at 1048. The court rejected the claim, finding <u>no fundamental constitutional right to self-defense within the Fourteenth Amendment</u>. *Id.* at 1052 (emphasis added). Similarly, in *Scruggs v. Jordan*, the Seventh Circuit found no fundamental right to defend others. 485 F.3d 934, 938-39 (7th Cir. 2007).

14. In the First Amended Complaint, plaintiff cites to the recent Supreme Court decision of *District of Columbia v. Heller* in an effort to support his claim that the right to self-defense is implied under the Second Amendment and protected under the Due Process Clause of the Fourteenth Amendment. No. 07-290, 2008 U.S. LEXIS 5268 (June 26, 2008); (Doc. 18, par. 32). Plaintiff reads too much into the *Heller* decision. The *Heller* court was called upon solely to determine whether one had a right under the Second Amendment to possess a firearm in one's home for a lawful purpose, such as self-defense. While the court discussed the right to self-defense, that discussion centered on an adult's right to protect himself in the "home, where the need for defense of self, family and property is most acute." *Id.* at * 97. The court specifically noted that "nothing in our opinion should be taken to cast doubt on . . . laws forbidding the carrying of firearms in sensitive places such as schools and government buildings." *Id.* at * 94. Implicit in this statement is the court's recognition that the need to maintain order, and eliminate violence in a "sensitive place" such as a school is of paramount importance. The Court in *Heller* did not hold that one has a right (under either the Second Amendment or the Due Process Clause) to engage in fighting in school to protect one's "bodily integrity." Moreover, such a right cannot logically be implied from the opinion based on the court's express recognition that schools are sensitive environments, where different rules may apply.

15. Because the right to engage in fighting in school to protect one's "bodily integrity" is not a fundamental right, nor is it a right which finds textual support in the Bill of Rights, the court need only apply rational basis review, and the school district's policy, and discipline of the plaintiff, pursuant to that policy is presumed valid. *Smith v. Severn*, 129 F.3d 419, 429 (7th Cir. 1997). Those attacking the rationality of a legislative classification have the burden "to negative every conceivable basis which might support it." *FCC v. Beach Comm. Inc.*, 508 U.S. 307, 314, 113 S. Ct. 2096 (1993). Furthermore, because the legislature is not required to articulate its reasons for enacting a statute, "it is entirely irrelevant for constitutional purposes whether the conceived reason for the challenged distinction actually motivated the legislature." *Id.* at 316. Governmental classification must be upheld against an equal protection challenge if there is any reasonably conceivable set of facts that could supply a rational basis for the classification. *Smith v. City of Chicago*, 457 F.3d 643, 651 (7th Cir. 2006). The rational basis test is not subject to courtroom factfinding, and may be based upon rational speculation unsupported by evidence or empirical data. *Id.* "The government may defend the rationality of its action on any ground it can muster, not just the one articulated at the time of the decision (if a reason was given at all)." *Id.* at 652.

16. Certainly, rational, valid reasons exist to support the Board's policy that one may be considered to have engaged in fighting, even if acting in self-defense. The goal of our schools is to educate students, and this can only happen effectively if a peaceful and orderly environment is maintained. In this day and age where school violence too often makes front-page headlines, the burden falls upon administrators to minimize violence in the schools to the extent possible. A fight between two students can quickly escalate to mob-like or riotous behavior among many students if not stopped immediately. Prohibiting students from answering violent behavior with

7

more violent behavior is a rational method to stop fights from escalating. Answering one punch with another punch merely prolongs the violence, increases the threat of serious injury and the threat that others will join the fight. If schools can minimize or eliminate these dangers by prohibiting fighting, even if in self-defense, these goals cannot be said to be irrational. Moreover, the plaintiff's suspension for five days pursuant to the policy against fighting was rationally related to the school district's goal of punishing violent behavior in an effort to curb violence in the future. Plaintiff admits in the amended complaint to have engaged in a fist fight. (Doc. 18, par. 9) Surely it is not irrational to punish a student by suspending him for five days where the student has admitted to engaging in physical violence.

17.     Thus, Counts I and III of the Amended Complaint should be dismissed because these counts fail to state valid claims for relief under the equal protection clause.

**B.     Substantive Due Process Claim**

18.     Plaintiff's claim for a violation of his substantive due process rights must likewise fail. Establishing a substantive due process claim is a very heavy burden. *Polenz v. Parrott*, 883 F.2d 551, 558 (7th Cir. 1989). In order to prevail on a substantive Due Process claim, plaintiff's claim must: (1) allege and prove that the government action was arbitrary and irrational; and (2) show either a separate constitutional violation or the inadequacy of state law remedies. *Id; Strasburger v. Bd. of Educ., Hardin County Comm. Unit School Dist. No. 1*, 143 F.3d 351, 357 (7th Cir. 1998). The scope of substantive due process if very limited. *Tun v. Whitticker*, 398 F.3d 899, 902 (7th Cir. 2005). Courts are "'reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended.'" *Id.*, quoting *Collins v. Harker Heights,* 503 U.S. 115, 125, 117 L.Ed. 2d 261, 112 S. Ct. 1061 (1992).

19.     The limited scope of substantive due process is most clearly reflected in the case of *Sacramento v. Lewis*, 523 U.S. 833, 118 S. Ct. 1708 (1998).  In that case, the Court was called upon to determine whether a police officer violated the Fourteenth Amendment's guarantee of substantive due process by causing the death of a 16 year-old through deliberate or reckless indifference to life during a high speed chase.  The court found no substantive due process violation, holding that the officer's conduct failed to meet the "shocks the conscience" test.  *Id.* at 854.

20.     The Seventh Circuit has similarly rejected substantive due process claims in school discipline cases.  For example, in *Tun v. Whitticker*, plaintiff alleged that his substantive due process rights were violated when he was expelled for possessing pictures of students showering in the locker room.  398 F.3d 899 (7th Cir. 2005).  The court noted that while the school may have overreacted, it did not violate the student's substantive due process rights.  *Id.* at 904.  See also, *Mitchell v. Bd. of Trustees of Oxford Municipal Separate Sch. Dist.*, 625 F2d 660, 664-65 (5th Cir. 1980)(students' substantive due process rights were not violated when they were expelled pursuant to policy prohibiting weapons in school--school's action was rationally related to goal of providing safe learning environment).

21.     As stated in more detail above, plaintiff cannot demonstrate that the school district's policy against fighting is arbitrary or irrational.  Nor can plaintiff show that his suspension was arbitrary or irrational for an admitted violation of the policy.

22.     Additionally, the allegations of plaintiff's amended complaint fail to demonstrate either a separate constitutional violation or the inadequacy of state law remedies.  While plaintiff purports to allege an equal protection violation, that claim cannot stand because there are

reasonably conceivable reasons for the board's policy against fighting, and plaintiff's punishment pursuant to said policy.

23. Plaintiff has also failed to demonstrate the inadequacy of his state law remedies. Plaintiff can (and has) brought a state common law action for a writ of certiorari to review the board's decision with respect to his suspension. See e.g. *Linwood v. Bd. of Educ. of City of Peoria*, 463 F.2d 763, 769 (7th Cir. 1972)(although school board action not reviewable under the Illinois Administrative Review Act, it is reviewable by common law certiorari).

24. Thus, Counts I and III of plaintiff's amended complaint fail to state a claim for a violation of plaintiff's substantive due process rights, and should be dismissed.

### III. Count II should be dismissed because plaintiff has failed to sufficiently allege a claim asserting a violation of his rights pursuant to the Illinois Constitution.

25. Plaintiff asserts in Count II of the amended complaint that the conduct of the defendants violated his "protected Inherent and Inalienable Rights as enumerated in Article I of the Illinois Constitution" as well as his rights to "Substantive Due Process and Equal Protection of the Laws as enumerated in Article II of the Illinois Constitutution." (Doc. 18, par. 40, 41)

26. Plaintiff's claims pursuant to the Illinois Constitution must likewise be dismissed. In examining challenges based on due process and equal protection pursuant to the Illinois Constitution, the Seventh Circuit has determined that such challenges are evaluated under the same standards as the federal constitution. *Smith v. Severn*, 129 F.3d 419, 424, n. 3 (7th Cir. 1997). As set forth more fully above, plaintiff's equal protection and due process challenges fail under federal law standards, and likewise must fail under Illinois law.

27. Similarly, plaintiff's claim that the school district's action violated his "inherent and inalienable rights" pursuant to Article I of the Illinois Constitution should be dismissed. The Illinois Supreme Court has held that this section is *not* generally considered, of itself, to be an

operative constitutional limitation on the exercise of governmental powers.  Instead, it is considered supplemental to, and implicitly within the due process clause.  Thus, it has been held to be of little purpose to treat this section as an independent source of constitutional law.  *Kunkel v. Walton*, 179 Ill.2d 519, 540, 689 N.E.2d 1047, 1056-57 (Ill. Sup. Ct. 1997).

28.     Consistent with the reasoning of these decisions, the Federal District Court for the Southern District of Illinois has found that "[w]here a plaintiff has an available remedy under Illinois Common law or under federal law, the Illinois Supreme Court would not recognize a private cause of action under the Illinois Constitution."  *White v. Madison County*, No. 07-CV-716-MJR, 2008 U.S. Dist. LEXIS 14145 (N.D. Ill., Feb. 26, 2008).  Plaintiff has the common law right of a petition for writ of certiorari available to him, and therefore, according to the reasoning of the court in *White*, he cannot state a claim for a violation of the Illinois Constitution.

29.     Thus, Count II of the Amended Complaint, asserting violations of the Illinois Constitution, should be dismissed.

**IV.     Count IV, which asserts a claim for administrative review should be dismissed.**

30.     Count IV of the Amended Complaint should be dismissed because the School Code does not incorporate administrative review as a method for reviewing school suspension determinations.

31.     In setting forth the appropriate scope for administrative review, the Illinois Code of Civil Procedure provides that "Article III of this Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of Article III of this Act or its predecessor, the Administrative Review Act."  735 ILCS 5/3-102.

32. The Illinois School Code does not incorporate the Illinois Administrative Review Law as a mechanism for judicial review of school disciplinary determinations or school policy. See e.g. *Linwood v. Bd. of Educ. of City of Peoria*, 463 F.2d 763, 769 (7th Cir. 1972)(no administrative review available with respect to expulsion); *Kelly v. Bd. of Educ. of McHenry Comm. H.S. Dist. 156*, No. 06 C 1512, 2007 U.S. Dist. LEXIS 1824, *3 (N.D. Ill., Jan. 10, 2007)(administrative review not available with respect to expulsion). Nor has plaintiff directed this court to any statutory support for his claim for administrative review.

33. Thus, Count IV, which seeks administrative review of plaintiff's suspension and the board's policy with respect to fighting, must be dismissed.

## V.    Community Unit District 303 should be dismissed from the action.

34. In addition, the Community Unit District 303 should be dismissed as a defendant because the corporate powers of the district lie with the directors of each district. Thus, Community Unit District 303 is not a defendant separate and apart from the school board. According to 105 ILCS 5/10-2, "[t]he directors of each district shall be a body politic and corporate, by the name of the 'school directors of district No. . . ., county of . . . and State of Illinois,'" and by that name may sue and be sued in all courts and places where judicial proceedings are had."

WHEREFORE, the defendants, Community Unit District No. 303 and the Board of Education of District 303, request that this Honorable Court dismiss Community Unit District 303 from the action, and further dismiss Counts I through IV of the First Amended Complaint.

        Respectfully submitted,

        Community Unit District No. 303 and Board of Education of District 303

By:    s/Jane M. May
        Jane M. May, #6207760
        O'Halloran Kosoff Geitner & Cook, LLC.
        650 Dundee Road, Suite 475
        Northbrook, IL 60062
        Telephone: (847) 291-0200
        Facsimile: (847) 291-9230
        E-mail: jmay@okgc.com

## IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHELDON B. NAGELBERG, as father and best friend of BRETT N., a minor, | ) ) ) |
| Plaintiff | ) Case No.: 08-cv-03092 |
| v. | ) |
| | ) The Honorable Robert W. Gettleman |
| COMMUNITY SCHOOL DISTRICT NO. 303 and BOARD OF EDUCATION OF DISTRICT 303, | ) ) ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2008, I electronically filed Motion To Dismiss Counts I - IV Of First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sheldon B. Nagelberg
sbnagelberglaw@comcast.net

Michelle A. Todd
mtodd@hlerk.com

Bennet Rodick
brodick@hlerk.com

                              Community Unit District No. 303 and Board of Education of District 303

                              By:    s/Jane M. May
                                        Jane M. May, #6207760
                                        O'Halloran Kosoff Geitner & Cook, LLC.
                                        650 Dundee Road, Suite 475
                                        Northbrook, IL 60062
                                        Telephone: (847) 291-0200
                                        Facsimile: (847) 291-9230
                                        E-mail: jmay@okgc.com