IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHELDON B. NAGELBERG, as father and best friend of BRETT N., a minor,<br><br>                  Plaintiff<br>v.<br><br>COMMUNITY UNIT SCHOOL DISTRICT NO. 303 and BOARD OF EDUC. OF DISTRICT 303, et. al.<br>                  Defendants. | Case No.: 08-cv-03092<br><br>The Honorable Robert W. Gettleman |

**MOTION TO DISMISS FIRST AMENDED COMPLAINT**

      NOW COME defendants, Kathleen T. Hewell, James Gaffney, Jr., Scott Nowling, James Chimienti, Robert Lindahl, Lori Linkimer, Karla Ray, Donald Schlomann, Ronald Knapik, John Baird, John Knewitz, Lisa Haymond and Shawn Burke (hereinafter "the individual defendants"), by and through their attorneys, Clifford Kosoff, Jane May and Joshua Abern, and for their Motion to Dismiss the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), state as follows:

**Individual Defendants Adopt School District's Motion to Dismiss**

      1.    Co-defendants Community Unit School District No. 303 and Board of Education of District 303 (hereinafter the "school district defendants") have moved to dismiss Counts I through IV of the First Amended Complaint. In the interests of judicial economy, and so as not to duplicate the arguments set forth therein, the individual defendants join the school district defendants' motion and the various basis set forth in that motion for dismissal of Counts I through IV.

**Individual Defendants are Qualifiedly Immune from Suit**

2.     In addition to the basis for dismissal set forth in the school district's motion, the individual defendants move to dismiss Counts I through III of the First Amended Complaint on the basis of qualified immunity.

3.     Under the doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation . . . an *immunity from suit* rather than a mere defense to liability.'" *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 2156 (2001). A defendant asserting qualified immunity is entitled to a ruling on that issue early in the proceedings so that the costs and expenses of a trial are avoided. *Id.* Pursuant to *Saucier*, the threshold question the court must consider in ruling on the qualified immunity issue is whether the facts, taken in the light most favorable to the plaintiff, establish a constitutional violation. *Id.* The next step in the qualified immunity inquiry is to determine whether the constitutional right at issue was clearly established. 121 S.Ct. 2156. The plaintiff has the burden to demonstrate that the alleged violation was clearly established. *Kernats v. O'Sullivan*, 35 F.3d 1171, 1176 (7th Cir. 1994). The constitutional right alleged to have been violated must be sufficiently clear such that a reasonable official would understand that his conduct was unlawful in the context of the situation he confronted. *Saucier*, 121 S.Ct. 2156 (citations omitted). In other words, the "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated,

reasonable government agent that what the defendant is doing violates federal law *in the circumstances.*" *Cope v. Heltsley*, 128 F.3d 452, 459 (6th Cir. 1997)(citations omitted).

4. The individual defendants are entitled to qualified immunity because the First Amended Complaint fails to state a cause of action for a due process or equal protection claim pursuant to either the federal or state constitution—as set forth more fully in the school district's motion to dismiss. (The individuals will not repeat those arguments here in the interest of judicial economy.) But even if the First Amended Complaint did sufficiently allege a claim for a constitutional violation, that claim was not sufficiently established at the time of plaintiff's suspension to hold the individual defendants liable.

5. Plaintiff appears (based on the allegations of the First Amended Complaint) to be relying on the recent Supreme Court case of *District of Columbia v. Heller,* 128 S. Ct. 2783 (2008) to support his claim that he had a "fundamental right" to engage in fighting in self-defense. The individual defendants join in the assertion set forth in the school district's motion to dismiss that *Heller* does not lend support to plaintiff's claim that he had such a right—especially in a school setting. Beyond that, however, *Heller* was decided in June of 2008. Plaintiff was suspended in December of 2007, and the suspension was affirmed in April of 2008. Therefore, even if such a fundamental right was established by the *Heller* opinion (which the defendants do not concede) that right would not have been clearly established at the time of plaintiff's suspension.

6. Moreover, as set forth more fully in the school district's motion to dismiss, Seventh Circuit precedent holds that there is no fundamental right to self-defense. *Rowe v. Debruyn*, 17 F.3d 1047, 1052 (7th Cir. 1994)(The court finds no fundamental constitutional right

to self-defense within the Fourteenth Amendment); *Scruggs v. Jordan*, 485 F.3d 934, 938-39 (7th Cir. 2007)(finding no fundamental right to defend others).

7. Research has revealed no Seventh Circuit precedent that has ever held that a policy which prohibits fighting in schools (even if in self-defense) violates one's constitutional rights to due process or equal protection. Further, in light of the wide latitude that courts have granted to school administrators with respect to maintaining order in the schools, one would not expect to find such a ruling.

### Individual Defendants are entitled to Legislative Immunity for Policy Drafting

8. In addition, the individual defendants are entitled to legislative immunity for their alleged actions in drafting and adopting policy 7:190. The Supreme Court has made it clear that local legislatures, regardless of their level, are entitled to absolute immunity from §1983 liability for their legislative activities. *Bogan v. Scott Harris,* 523 U.S. 44 (1998). In *Bogan* the plaintiff filed a §1983 action against a city and its officials alleging that the elimination of plaintiff's position was retaliation against her for exercising the right to free speech. The appellate court found that the conduct was not legislative. The Supreme Court reversed, holding that regardless of motivation, the action to eliminate plaintiff's position was legislative and, therefore, the officials had absolute immunity. The Supreme Court held that "[r]egardless of the level of government, the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability." *Id.* at 52 "Absolute legislative immunity attaches to all actions taken 'in the sphere of legitimate legislative activity'." *Id. quoting Tenney v. Brandlove,* 341 U.S. 367, 376 (1951).

9. Prior to *Bogan,* the court in *Callaway v. Hafeman,* 628 F.Supp 1478, 1485-87 (W.D. Wis. 1986) aff'd, 832 F.2d 414 (7th Cir. 1987), explicitly expanded the coverage to

individual school board members stating that local school board members are covered by the legislative immunity doctrine if they are engaged in legislative activity. In *Calloway,* the plaintiff sued individual board members for eliminating her job. The court held that the individual board members had legislative immunity because reorganizing by eliminating a job from the budget was legislative in nature.

10. Actions which are legislative in nature include the determination and adoption of rules and regulations for the administration, management and supervision of schools. *Dobrich v. Walls,* 380 F.Supp. 2d 366, 375 (D. Del. 2005). In *Dobrich,* plaintiff alleged that the defendants, including individual school board members, violated constitutional rights by sponsoring prayer at school board meetings. The court held that the individual board members had legislative immunity because the "development, adoption or implementation of policies, practices and customs" are legislative in nature. *Id.* at 376-377.

11. In the case at bar, plaintiff appears to be asserting that the individual defendants are liable (in part) for their various roles in drafting and adopting the policy against fighting. Such conduct is legislative by definition in that it involves the adoption of rules and regulations for the administration, management and supervision of schools. Thus, the individual defendants are entitled to legislative immunity with respect to their alleged actions in drafting the policy at issue.

### Official Capacity Claims are Redundant

12. In addition, the "official capacity" claims asserted against defendants Knapik, Baird, Knewitz, Haymond and Burke should be dismissed as these claims are redundant of the

claims asserted against the school district.  A suit against a governmental officer in his official capacity is actually a suit against the governmental entity for which the officer works.  *Will v. Michigan Department of Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed. 45 (1989).  Since the plaintiff has named the Board of Education as a defendant, the official capacity claim against these individual defendants are redundant and should be dismissed.  *See Smith v. Metropolitan School District Perry Township*, 128 F.3d 1014, 1021, n. 3 (7th Cir. 1997)(suit against principal and assistant principal in their official capacities were redundant where suit was also against the entity, *i.e.,* the school district and school board); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987)(holding that a claim brought against a mayor in his official capacity and against the city were brought against "one defendant . . . not two" and observing that "nothing was added by suing the mayor in his official capacity").

<b><u>Individual Defendants are not Proper Parties to<br>Petition for Writ of Certiorari</u></b>

13.     The Individual defendants also ask that the court dismiss them as parties to Count V of the First Amended Complaint, which petitions the court for a common law writ of certiorari.  The relief available on a petition for writ of certiorari is available only from the school board, and not from the individual defendants.  See e.g. *Tower v. City of Chicago*, 979 F. Supp. 708,  (N.D. Ill. 1997)(under Illinois law, state courts may issue common law writs of certiorari to an *inferior administrative tribunal*, if that tribunal has exceeded its jurisdiction, or proceeded illegally and no direct appeal is available)(emphasis added).  The governing body of district 303 is its board of directors, acting in their capacity of an administrative tribunal, and not the individual defendants.

WHEREFORE defendants, Kathleen T. Hewell, James Gaffney, Jr., Scott Nowling, James Chimienti, Robert Lindahl, Lori Linkimer, Karla Ray, Donald Schlomann, Ronald

Knapik, John Baird, John Knewitz, Lisa Haymond and Shawn Burke respectfully request that this Honorable Court dismiss the Amended Complaint for the reasons set forth in this motion, and for the reasons set forth in the motion to dismiss filed by co-defendants, Community Unit District 303 and Board of Education of District 303.

                                                             Respectfully submitted,

Kathleen T. Hewell, James Gaffney, Jr., Scott Nowling, James Chimienti, Robert Lindahl, Lori Linkimer, Karla Ray, Donald Schlomann, Ronald Knapik, John Baird, John Knewitz, Lisa Haymond and Shawn Burke

By:    s/Jane M. May
Jane M. May, #6207760
O'Halloran Kosoff Geitner & Cook, LLC.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone: (847) 291-0200
Facsimile: (847) 291-9230
E-mail: jmay@okgc.com

## IN UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHELDON B. NAGELBERG, as father and best friend of BRETT N., a minor, ) ) ) Plaintiff ) v. ) ) COMMUNITY SCHOOL DISTRICT NO. ) 303 and BOARD OF EDUCATION OF ) DISTRICT 303, ) Defendants. ) | Case No.: 08-cv-03092<br><br>The Honorable Robert W. Gettleman |

### CERTIFICATE OF SERVICE

     I hereby certify that on September 2, 2008, I electronically filed this Motion To Dismiss First Amended Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sheldon B. Nagelberg  
sbnagelberglaw@comcast.net

Michelle A. Todd  
mtodd@hlerk.com

Bennet Rodick  
brodick@hlerk.com

                                      Kathleen T. Hewell, James Gaffney, Jr., Scott Nowling, James Chimienti, Robert Lindahl, Lori Linkimer, Karla Ray, Donald Schlomann, Ronald Knapik, John Baird, John Knewitz, Lisa Haymond and Shawn Burke

                                      By:    s/Jane M. May  
                                                Jane M. May, #6207760  
                                                O'Halloran Kosoff Geitner & Cook, LLC.  
                                                650 Dundee Road, Suite 475  
                                                Northbrook, IL 60062  
                                                Telephone: (847) 291-0200  
                                                Facsimile: (847) 291-9230  
                                                E-mail: jmay@okgc.com