**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*FILED*

*AUG 2 0 2008*

*Judge Robert W. Gettleman
United States District Court*

| | |
|---|---|
| BRETT N., a minor<br>    By Sheldon Nagelberg, his father and<br>        next best friend,<br>                        Plaintiff<br>v.<br><br>COMMUNITY SCHOOL DISTRICT NO.<br>303 and BOARD OF EDUCATION OF<br>DISTRICT 303,<br>KATHLEEN T. HEWELL, in her individual<br>Capacity,<br>JAMES GAFFNEY, Jr., in his individual capacity,<br>SCOTT NOWLING, in his individual capacity,<br>JAMES CHIMENTI, in his individual capacity,<br>ROBERT LINDAHL, in his individual capacity,<br>LORI LINKIMER, in her individual capacity,<br>KARLA RAY, in her individual capacity,<br>DONALD SCHLOMANN, in his individual<br>capacity,<br>RONALD KNAPIK, in his official and individual<br>capacity,<br>JOHN BAIRD, in his official and individual<br>capacity,<br>JOHN KNEWITZ, in his official and individual<br>capacity,<br>LISA HAYMOND, in her official and individual<br>capacity,<br>SHAWN BURKE, in his official and individual<br>capacity.,<br>                        Defendants. | No. 08-cv-03092<br><br>Judge Robert W. Gettleman<br>Mag. Judge Mason |

## JOINT STATUS REPORT

The parties, by their respective counsel, report as follows on the status of the case:

**A.    The date and time this matter is set for a status report before the Court.**

The matter is set for status on August 27, 2008 at 9:00 a.m.

**B.    The attorneys of record for each party, including which attorney is expected to try the case.**

    <u>Attorney for plaintiff</u>
Sheldon Nagelberg (expected to try case)

    <u>Attorneys for defendants</u>
Jane May (expected to try case)
Clifford Kosoff
Joshua Abern
Bennett Rodick
Michelle Todd

**C.    The basis for federal jurisdiction.**

Federal question jurisdiction, 28 U.S.C. 1331, U.S. Constitution, 42 U.S.C. 1983, as well as supplemental jurisdiction over state law claims.

**D.    Whether a jury has been requested and by which party.**

The plaintiff will not request a jury.
The defendants have not requested a jury, but if the defendants' motion to dismiss Counts I through IV of the Amended Complaint is denied, and they are required to file a responsive pleading, they will demand a jury.

**E.    The nature of the claims asserted in the complaint and any counterclaim.**

Plaintiff has alleged the following claims in the First Amended Complaint:

Count I:  Plaintiff alleges violations of his substantive due process and equal protection right to bodily integrity, right to self-preservation, and right to defend himself from bodily harm under the Fourteenth Amendment of the Federal Constitution.

Count II:  Plaintiff alleges violations of his Illinois Constitution's Article One protected inherent and inalienable rights, and Article Two's substantive due process and equal protection rights.

Count III:  Plaintiff requests a declaratory judgment that the board's written policy defining fighting is facially unconstitutional because it punishes conduct of a student who acts in self-defense, and chills lawful behavior and refuses to distinguish between students engaged in mutual combat from the student who defends himself/herself in an unprovoked attack.

Count IV:  Plaintiff seeks administrative review regarding whether the plaintiff's suspension was arbitrary, capricious and unreasonable, and whether the defendant's fighting policy is unlawful and void.

Count V:  Plaintiff seeks review of the suspension decision and the board's fighting policy through a common law petition for a writ of certiorari.

The defendants, Community Unit District 303 and Board of Education of District 303, have moved to dismiss Counts I through IV of the First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

**F.    The relief sought by any party, including computation of damages, if available.**

Plaintiff seeks the following in the complaint:

--that the court order the defendants to void the disciplinary suspension of Brett N., and expunge from Brett N.'s records any documentation concerning the fighting incident of December 20, 2007, and any subsequent disciplinary proceedings;
--that the court issue an order and judgment that the defendants' policy regarding fighting is void;
--grant an award of litigation costs and expenses, including reasonable attorney fees;
--grant any other statutory and common law damages to which plaintiff may be entitled;
--grant any other further relief as the Court deems lawful, equitable and proper.

The defendants, Community Unit District 303 and Board of Education of Dist. 303, have moved to dismiss Counts I through IV of the Amended Complaint.  A similar motion is anticipated to be filed on behalf of the individual defendants.

**G.    The name of any party who or which has not been served, and any fact or circumstance related to service of process on such party.**

The individual defendants have not yet been served.  Counsel for the plaintiff has requested that the individuals waive service of process.  Counsel for defendants will determine whether the individuals will agree to waive service.

**H.    The principal legal issues (including the citation to any key legal authority related to such issue.)**

Whether the board's policy regarding fighting, and plaintiff's suspension thereto, violate plaintiff's rights to equal protection and due process under the federal and state constitutions; Whether plaintiff is entitled to administrative review of his claims.

**I.    The principal factual issues, including the parties' respective positions on those issues.**
The plaintiff asserts that all factual issues are preserved in the tape-recorded March 4, 2008 suspension appeal hearing, and the record of any deliberations made by the defendant school board members at their April 1, 20087 meeting where the decision was made to uphold plaintiff's suspension. As this lawsuit focuses on the propriety and lawfulness of the defendants' decision to suspend and board's upholding of the suspension, the trier of fact cannot go beyond the four corners of the evidence presented to the defendant board members on April 1, 2008. It

would be error to expand any evidence or factual development beyond what was presented to the defendant board members on April 1, 2008. The one exception to this principle is the factual development of the history, debate, and rationale by the defends for their creation of the written fighting policy at issue.

The defendants submit that factual issues may be raised with respect to the circumstances surrounding the fight, and the administration's application of the policy against fighting in this situation.

**J.    A brief description of all anticipated motions.**

The defendants, Community Unit District 303 and the Board of Education of District 303, have moved to dismiss Counts I through IV of the Amended Complaint. A similar motion is anticipated to be filed on behalf of the individual defendants. The defendants anticipate resolution of the petition for certiorari through cross-motions for summary judgment.

**K.    A proposed discovery plan.**

The plaintiff believes that discovery is very simple and brief, as it consists of the tape recording and attached exhibits of the March 4, 2008 suspension appeal hearing, and the April 1, 2008 deliberations of the defendant board members. The only other discovery would be receiving information about the history and rationale behind the defendants' creation of the fighting policy.

Because plaintiff is entering his senior year at the high school, he is requesting that this cause be resolved no later than December, 2008. As this cause claims, the record of plaintiff's suspension for fighting may be transmitted to a college to which plaintiff desires to attend. If relief is to be granted which voids and expunges the suspension, it must be done reasonably soon.

Plaintiff believes that Rule 26(a)(1) disclosures can be made by September 8, 2008, written discovery completed by September 22, orasl discovery completed by October 7, with a discovery cut-off by November 17.

Defendants request the following:
        Rule 26(a)(1) disclosures to be made by all parties  by 9/29/08.
        Written discovery to be complete by 10/31/08.
        Oral discovery to be complete by 12/31/08.
        Experts are not anticipated at this time.
        Proposed discovery cut-off of 12/31/08.

**L.    The earliest date the parties would be ready for trial and the probable length of trial.**

Plaintiff believes that trial can commence in December, 2008 and would last two days. Defendants believe that trial should commence in April, 2009.with a  length of trial anticipated to be 2-3 days.

**M.   The status of settlement discussions and whether a settlement conference would be appropriate.**

Mr. Nagelberg has presented a written settlement demand to the Board of Education of District 303 which has been rejected by the board.

The plaintiff requests a settlement conference.

The defendants are not requesting a settlement conference at this time.

**N.   Whether the parties will consent to trial before a magistrate judge.**

Not at this time.

Respectfully submitted,

SHELDON NAGELBERG
Attorney for Brett N.

JANE M. MAY
One of the attorneys for defendants
(signature by consent)

Sheldon Nagelberg
116 N. 7th Avenue
St. Charles, IL. 60174
312-305-5278

Clifford G. Kosoff
Jane M. May
Joshua S. Abern
O'Halloran Kosoff Geitner & Cook, LLC.
650 Dundee Road, Suite 475
Northbrook, IL 60062
Telephone:  (847) 291-0200
Facsimile:   (847) 291-9230