IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETT, N., a minor, by Sheldon Nagelberg, his father and next best friend, ) ) ) Plaintiff, ) v. ) ) COMMUNITY UNIT SCHOOL DISTRICT ) NO. 303, BOARD OF EDUCATION OF ) DISTRICT 303, KATHLEEN T. HEWELL, in her ) individual capacity, JAMES GAFFNEY, JR., in ) his individual capacity, SCOTT NOWLING, in his ) individual capacity, JAMES CHIMENTI, in his ) individual capacity, ROBERT LINDAHL, in his ) individual capacity, LORI LINKIMER, in her ) individual capacity, KARLA RAY, in her ) individual capacity, DONALD SCHLOMANN, in ) his individual capacity, RONALD KNAPIK, in his ) official and individual capacity, JOHN KNEWITZ, ) in his official and individual capacity, LISA ) HAYMOND, in her official and individual ) capacity, and SHAWN BURKE, in his official and ) individual capacity, ) ) Defendants. ) | No. 08 C 3092 Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sheldon B. Nagelberg, brought suit in Illinois state court on behalf of his son, Brett N. ("Brett"), against defendants Community School District No. 303 ("District 303"), the Board of Education of District 303 (the "Board"), in their individual capacities, Kathleen T. Hewell, James Gaffney, Jr., Scott Nowling, James Chimenti, Robert Lindahl, Lori Linkimer, Karla Ray, Donald Schlomann, and in their official and individual capacities, Ronald Knapik, John Baird, John Knewitz, Lisa Haymond, and Shawn Burke, seeking declaratory judgment,

administrative review, and a petition for writ of certiorari. Defendants removed the case to this court based on federal question jurisdiction. 28 U.S.C. § 1331.

In his first amended complaint plaintiff alleges that enforcement of the Board's disciplinary policy prohibiting self-defense violated Brett's constitutional right to bodily integrity as implied within the Second Amendment and under the Equal Protection and Due Process Clauses of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (Count I) and his protected "Inherent and Inalienable Rights" as provided in Article I of the Illinois Constitution (Count II). The complaint includes claims for declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 (Count III); administrative review (Count IV); and petition for writ of certiorari (Count V). Defendants have moved to dismiss Count I through IV of the first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) and to dismiss District 303 as a defendant from the entire action. Plaintiff has voluntarily withdrawn Count IV of the amended complaint. For the reasons discussed below, the court grants defendants' motion.

## **FACTS**[1]

Plaintiff is a student at District 303's St. Charles East High School. On December 20, 2007, while plaintiff was at school, another student physically attacked him and the two engaged in a fistfight. Plaintiff claims that the attack was unprovoked and he fought in self-defense. District 303 staff broke up the fight. Later that day, District 303 and Board staff met and decided to suspend plaintiff from school for five days for violating Section 7:190 of the Board's

---

[1]For purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff. Travel Around the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

disciplinary policy. The relevant portion of Section 7:190 provides: "Any action a student takes to inflict physical contact may be considered fighting - including, but not limited to, self-defense."

Plaintiff appealed the suspension process and a Board-appointed officer conducted a fact-finding hearing on March 4, 2008. At the hearing, plaintiff and a student who witnessed the incident testified on plaintiff's behalf. The student who initiated the fight did not attend the hearing. Defendant Shawn Burke, a Dean of Students, testified that he arrived at scene of the incident after the fight was over and school officials were separating the students. He also testified that in deciding whether to suspend plaintiff, it was immaterial whether plaintiff was protecting himself because the Board's policy does not recognize self-defense. Plaintiff's counsel raised numerous concerns about the fairness and constitutionality of Section 7:190 and requested that plaintiff's suspension be expunged from his record.

After the hearing, plaintiff wrote a letter requesting permission to address the Board when it discussed and voted on the matter. Plaintiff's request was never answered. On April 3, 2008, plaintiff received notification that the Board had met on April 1, 2008, and voted to uphold plaintiff's suspension.

## **DISCUSSION**

*Legal Standard*

In analyzing the motion, the court must accept the well-pleaded allegations as true, and view those allegations in the light most favorable to plaintiff. McMillan v. Collection Prof'ls, 455 F.3d 754, 758 (7th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the

3

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do . . .." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

*1. Equal Protection Claim*

*A. Standing*

As a preliminary matter, defendants argue that plaintiff does not have standing to bring his equal protection and due process claims. Generally, a plaintiff has standing when the plaintiff suffers an injury-in-fact that is able to be redressed by the courts. See Kochert v. Greater Lafayette Health Services, Inc., 463 F.3d 710, 714 (7th Cir. 2006) (citing U.S. Gypsum Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 627 (7th Cir.2003)). More specifically, standing requires that, "(1) the party must personally have suffered an actual or threatened injury caused by the defendant's allegedly illegal conduct, (2) the injury must be fairly traceable to the defendant's challenged conduct, and (3) the injury must be one that is likely to be redressed through a favorable decision." Sanner v. Bd. of Trade of City of Chicago, 62 F.3d 918, 922 (7th Cir.1995) (quoting Valley Forge Christian Coll. v. Americans United for Separation of Church and State, 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)) (internal quotation marks omitted).

Defendants' theory is that for plaintiff to have standing he must allege not only that he acted in self-defense, but also that the district made a finding that he acted in self-defense and punished him for this pursuant to the policy. Under this theory, no student would ever have standing to challenge the constitutionality of the policy because the board admittedly never

4

considers whether a student fought in self-defense in making their rulings. Here, plaintiff's constitutional claims satisfy the legal requisites for standing. Plaintiff alleges that his suspension must be overturned because he suffered an injury – suspension from school – caused by the district's enforcement of its allegedly unconstitutional "zero-tolerance" policy. These allegations are sufficient to establish standing at the pleading stage.

*B. Counts I & II*

Under federal law, "unless a statute classifies by race, alienage, or national origin or impinges on fundamental constitutional rights, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." Greater Chicago Combine and Center, Inc. v. City of Chicago, 431 F.3d 1065, 1072 (7th Cir. 2005) (quoting Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 766 (7th Cir. 2003)) (internal quotation marks omitted).

The parties agree that the zero tolerance policy does not create a suspect class. Therefore, the issue here is whether a high school student has a fundamental right to defend himself from physical attack while at school. Plaintiff argues that there is an implicit substantive due process right to bodily integrity, self preservation, and self-defense. Defendants counter that the right to fight in school to protect one's bodily integrity is not a fundamental right, nor a right supported by the Bill of Rights. Defendants thus urge the court to apply only rational basis review of the Board's policy and the enforcement of the policy by District 303 staff.

The Seventh Circuit has held that the right to self-defense is not a fundamental right within the Due Process Clause of the Fourteenth Amendment. Rowe v. DeBruyn, 17 F.3d 1047, 1052 (7th Cir. 1994); See Scruggs v. Jordan, 485 F.3d 934, 938-39 (7th Cir. 2007). In both

5

Rowe and Scruggs, the court reviewed existing precedent and found that in the absence of an express or judicially created constitutional right to self-defense in the criminal law context, there was no justification for recognizing a substantive right to self-defense or defense of others in the prison context. Rowe, 17 F.3d 1047 (prison disciplinary policy that does not recognize self-defense as a complete defense to punishment does not deprive inmates who defend themselves from violent attack of their substantive due process rights); See Scruggs, 485 F.3d 934, 938-39 (7th Cir. 2007) (relying on Rowe and holding that there is no substantive right to use violence to defend others).

Although both Rowe and Scruggs were prison discipline cases, none of the cases that plaintiff cites to support his position persuade this court to reach a contrary result in the context of school disciplinary proceedings. Plaintiff calls the court's attention to numerous cases, including the recent Supreme Court decision in District of Columbia v. Heller, 128 S.Ct. 2783 (2008), in support of his assertion that there is a constitutional right to self-defense. Heller held that the Second Amendment protects a citizen's right to use firearms for the lawful self-defense of one's home and family. The cases cited by plaintiff discuss different aspects of self-defense generally and the right to bodily integrity, but none hold that there is a broadly applicable constitutional right to self-defense, or a particularized right of self-defense in the school setting.

"Absent either a fundamental right or a suspect class, a court need only apply a rational basis to review the challenged state action." Smith v. Severn, 129 F.3d 419, 429 (7th Cir. 1997) (internal citations omitted). Under the rational basis test, the court "will uphold the legislative enactment (or classification) so long as it bears a rational relation to some legitimate end." Eby-Brown Co., LLC v. Wis. Dep't of Agric., Trade & Consumer Prot., 295 F.3d 749, 754 (7th

Cir. 2002). This inquiry requires the court to "consider only whether any state of facts reasonably may be conceived to justify the classification." Rabbi Abraham Grossbaum and Lubavitch of Indiana, Inc. v. Indianapolis-Marion County Bldg. Auth., 100 F.3d 1287, 1292 (7th Cir. 1996). Therefore, the next step in the court's inquiry is to determine whether Section 7:190 is rationally related to a legitimate government interest.

Defendants argue that the ultimate purpose of the Board's zero-tolerance policy is to maintain a peaceful and orderly environment in the schools. Specifically, the policy aims to minimize violence by deterring students from escalating fights, even if merely in self-defense. The theory is that prolonged fighting increases the possibility of serious injury and the chance that spectators will become entangled in the brawl. Plaintiff has not negated the rationality of the policy, or demonstrated that Section 7:190 is "wholly unrelated to any legitimate state objective." Consequently, the court finds that Section 7:190 is rationally related to a legitimate government interest.[2] Defendants' motion to dismiss Counts I and II of the amended complaint is granted.

*2. Count III: Void-for-Vagueness*

Plaintiff argues that Section 7:190 is facially unconstitutional because it is impermissibly vague, and thus unfair, because it does not distinguish between those students who engage in mutual combat and those who fight merely in self-defense. However, plaintiff has not indicated

---

[2] The court notes that while it is within the power Board to devise and implement a policy to check violence in the schools, the results of enforcement of Section 7:190 can be draconian when applied to the student who unwittingly finds himself under attack by a schoolyard bully, or worse a group of bullies. If the student-victim cannot flee, his choice is either to be pummeled, or to fight back and face certain suspension. Despite this observation, it is not the role of this court to second-guess the Board's policy, however misguided it may be, so long as it is rationally related to the interests sought to be protected.

7

how the policy is unclear.  "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined."  <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 108 (U.S. 1972).  To avoid being void for vagueness, laws must provide fair warning of prohibited conduct and explicit standards for how enforcement should be applied.  <u>Id.</u>  Here, Section 7:190 is not impermissibly vague because the disciplinary code is publically available and all students are put on notice that if they fight, even in self-defense, they are subject to punishment.  Therefore, defendants' motion to dismiss Count III of the amended complaint is granted.

*3. Qualified Immunity*

To recover damages from school officials in their individual capacities in a Section 1983 case, the school official must be "personally responsible for the deprivation of a constitutional right."  <u>Gentry v. Duckworth</u>, 65 F.3d 555, 561 (7th Cir. 1995).  Public officials may have qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  <u>Behrens v. Pelletier</u>, 516 U.S. 299, 305, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)).  Here, the individual defendants are entitled to qualified immunity because plaintiff has failed to state a claim for a constitutional injury.

*4. Waiver of Claims*

Plaintiff has failed to respond to a number of arguments defendants assert in their motion to dismiss, that: (1) the individual defendants are entitled to absolute legislative immunity for acts taken the course of drafting Section 7:190; (2) the official capacity claims against the individual defendants are redundant of plaintiff's claim against the Board; (3) the certiorari claim

(Count V) should be dismissed as to the individual defendants because they are not proper parties; and (4) plaintiff has incorrectly sued the district both as "Community Unit School District No. 303" and "Board of Education of District 303," and therefore, District 303 should be dismissed as a defendant. Because plaintiff did not respond to these arguments in defendant's motion, he has waived these claims.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss Counts I through III is granted. For the same reasons, Count V (labeled "for certiorari") is dismissed. Count IV is dismissed by agreement.

**ENTER:   February 18, 2009**

_____
**Robert W. Gettleman**
**United States District Judge**